■ KATHRYN TOKARCZYK, an Infant, by Her Mother and Natural Guardian, ALICE TOKARCZYK, Respondent, v ST. BARNABAS HIGH SCHOOL, Appellant.—Order, Supreme Court, Bronx County (Joseph DiFede, J.), entered November 15, 1985, granting plaintiff's motion for an order striking, in its entirety, the videotaped deposition of a witness, Bonnie Howard, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements and the motion denied.

The videotaped deposition of Bonnie Howard, an eyewitness to the accident which is the subject of this lawsuit, was taken on November 11, 1985, just prior to trial, to accommodate the witness, a Virginia resident and expectant mother, whose original due date of mid-December had been advanced. Just prior to the commencement of the deposition Ms. Howard informed defendant's attorney, who was taking the deposition, that she did not wish to discuss her present marital status, her current living arrangements or the friend who had accompanied her to the deposition. Defendant's attorney honored the request. Plaintiff's attorney, however, on cross-examination of the witness, insisted on questioning the witness on these subjects. Specifically, Ms. Howard refused to answer questions relating to her current marital status, her current living arrangements and the identity of the friend who accompanied her to the deposition. Two days later, by order to show cause, plaintiff moved to strike the videotaped deposition in its entirety based on the witness's refusal to answer questions

about the three aforementioned subjects and other areas of inquiry. Trial Term granted the motion in its entirety. We reverse.

Review of the deposition transcript reveals that all of the questions put to the witness were answered except the three questions relating to her personal life. We find that these three inquiries were improper. They do not bear any relationship to the facts of the accident or, despite counsel's efforts to make them so, to the witness's credibility, and were obviously intended to embarrass her. Moreover, CPLR 3126 contemplates the imposition of sanctions only in the case of an unreasonable refusal to obey a court order to disclose. Here, there was no prior order requiring disclosure. Nor did Trial Term make any finding that the questions ought to have been answered. Finally, even assuming a willful refusal to disclose, the remedy fashioned here was drastic in the extreme. The questions, at best, related to collateral matters, not to any factual issues. Since Ms. Howard was the only eyewitness to the accident, some other remedy short of striking her deposition should have been fashioned. In any event, the witness's refusal to answer was justified. The motion to strike is denied. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.