■ SHIRLEY ELGHANAYAN, Appellant, v FARAMARZ ELGHANAYAN et al., Respondents. (Action No. 1.) FARAMARZ ELGHANAYAN, Respondent, v DAVOUD ELGHANAYAN et al., Appellants. (Action No. 2.) OLYMPIA HOUSE, INC., et al., Appellants, v FARAMARZ ELGHANAYAN, Respondent and Counterclaim Plaintiff-Respondent. PARITCHEHR ELGHANAYAN et al., Counterclaim Defendants-Appellants. (Action No. 3.)—Three orders, Supreme Court, New York County (George Bundy Smith, J.), dated February 28, 1986, denying the motions of Shirley Elghanayan, plaintiff in actions Nos. 1 and 3 and defendant in action No. 2; Davoud Elghanayan, defendant in action No. 2 and counterclaim defendant in action No. 3; and Olympia

House, Inc., Olympic Estates, Inc., Paritchehr Elghanayan and Flora Tesei, plaintiffs in action No. 3 for an order, *inter alia,* reversing the order of the court-appointed Referee supervising discovery, dated December 2, 1985, which directed that all disputed issues be resolved against them as a penalty for Davoud Elghanayan's refusal to furnish disclosure, unanimously modified, on the law and on the facts and in the exercise of discretion, to grant said motions to the extent of vacating the adverse finding on all disputed issues provision and to substitute in its place a direction striking the jurisdictional defenses of the witness-party Davoud Elghanayan, without prejudice to an application by defendants in action No. 1, plaintiff in action No. 2 and defendant and counterclaim plaintiff in action No. 3 to the IAS Justice before whom the actions are pending, for a resumption of the deposition of the witness-party Davoud Elghanayan and, in the event said application is granted, a monetary penalty for said witness-party's conduct in aborting his prior deposition, said penalty to be paid to Schwartz Klink & Schreiber, P. C., and, except as thus modified, affirmed without costs or disbursements. Appeals from three orders of the same court and Justice, two orders entered on July 29, 1986 and one order entered August 13, 1986, denying reargument, dismissing without costs as nonappealable.

It is obvious from this record, as the Special Referee found, that the refusal of the witness-party Davoud Elghanayan to return after the lunch recess to continue his examination after two full-day sessions was part of an integrated strategy to deny the adverse parties their right to full and complete disclosure and constituted a willful refusal to furnish disclosure. As the Referee noted, the witness, although well into his 70's, demonstrated vigor and a complete grasp of the facts. A sophisticated businessman with financial interests that span three continents, his answers reflect an appreciation of the nuances of every question and the far-ranging implications of his responses. He failed completely to support by competent medical proof his claim of physical hardship. In any event, his belatedly submitted doctor's note was woefully inadequate. What emerges here, judging by the captious and frivolous nature of the objections to the adverse parties' questions, is a clear picture of an effort by the witness with the contrivance of his attorney to scuttle the examination. The refusal to answer a host of discerning questions relating to the witness-party's jurisdictional defense, after being directed by the Referee to answer, is particularly disquieting. The objections

taken border on the outrageous. Thus, we affirm the Referee's finding of willful refusal to disclose. In the circumstances, however, we find the sanction imposed to be drastic in the extreme, since it is tantamount to a grant of judgment to the adverse parties in all three actions. *(See, Queens Farms Dairy v Consolidated Edison Co.,* 63 AD2d 696, 698; *Tokarczyk v St. Barnabas High School,* 118 AD2d 519, 520.)* In our view, the more appropriate remedy would be to strike the witness-party's jurisdictional defenses, to the subject matter of which most of the witness's recalcitrance and his lawyer's impertinence were directed, and we modify accordingly. Such a course is particularly advisable here, since property claims in the millions of dollars are at issue and sharply disputed, without the slightest indication that the adverse parties are any more entitled than the witness-party's side to judgment on the merits. Furthermore, it should be noted, the witness-party is not seeking affirmative relief in these actions, so that a sanction directed to such claims is not available.

Since, with the striking of the jurisdictional defenses, we have no way of ascertaining whether the examination of the witness-party Davoud Elghanayan need be continued, we leave that issue, should the adverse parties be advised to seek such further disclosure, to the IAS Justice before whom the actions are now pending. Any order directing the resumption of such deposition, however, should provide for the imposition of a significant monetary penalty upon the witness-party payable to Schwartz Klink & Schreiber, P. C. for the inconvenience caused these attorneys by his willful conduct. *(See, Rodriguez v Sklar,* 56 AD2d 537.)* Concur—Sullivan, J. P., Carro, Asch, Milonas and Rosenberger, JJ.