■ AMERICAN RELIANCE INSURANCE COMPANY, Formerly Known as FARMERS' RELIANCE INSURANCE COMPANY OF NEW JERSEY, Appellant, v NATIONAL GENERAL INSURANCE COMPANY et al., Respondents.—In an action to recover damages for the bad faith failure to settle a personal injury lawsuit within the limits of a policy of insurance, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated January 3, 1990, which granted the branch of the motion of the defendant National General Insurance Company which was to dismiss the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with one bill of costs to the appellant, and the branch of the motion by the defendant National General Insurance Company which was to dismiss the complaint is denied, the complaint is reinstated, and the branch of the motion which was to direct further discovery is denied, with leave to renew before a different Justice of the Supreme Court upon additional papers.

In *American Reliance Ins. Co. v National Gen. Ins. Co.* (149 AD2d 554), we affirmed a prior order in this case by the Supreme Court, Queens County, which had directed one of the members of the law firm which formerly represented the plaintiff to appear for a deposition as a nonparty. We noted, in our decision, that the existence of an attorney-client relationship between the plaintiff and the witness to be deposed should not, under the circumstances of this case, deprive the defendants of their right to obtain the relevant pretrial disclosure which this witness was apparently in a position to provide.

Nothing in our order deprived this witness of his right to invoke the attorney-client privilege during the course of the deposition whenever he or his counsel believed, in good faith, that a specific question constituted an invasion of that privilege. Also, nothing in our prior order required the production of any specific document, much less the production of the documents which were exchanged between the plaintiff and the witness in his capacity as an attorney. In other words, there was nothing in this court's prior order which implicitly or explicitly deprived this witness of those rights retained by any witness, party or nonparty, during the course of any pretrial deposition, including the right to object to a question upon the basis of a good faith belief that the question invaded a recognized privilege.

The deposition of this witness was held on November 7, 1989, and lasted over three hours. The witness responded to the overwhelming majority of the questions posed by adverse counsel. However, the witness, upon advice of counsel, declined to respond to several questions for various reasons stated on the record.

Approximately one month following the conclusion of the deposition, the defendant National General Insurance Company (hereinafter NGIC) moved to compel further disclosure (see, CPLR 3124), or, in the alternative, to dismiss the complaint (see, CPLR 3126). The attorney for NGIC argued, in a brief affirmation, that the witness had willfully violated prior court orders respecting discovery when, during the course of the deposition, he refused to furnish copies of written communications made between the plaintiff and the law firm of which he was a member. The Supreme Court granted the motion to the extent of striking the complaint. This appeal followed. We reverse.

There exists no prior court order directing that the nonparty witness deposed in this case answer any specific question, or produce any particular document. As noted above, the order rendered by this court did nothing more than affirm so much of an earlier order as directed the witness to appear for a deposition. The witness has substantially complied with this order. Since there was no willful disobedience of a prior court order respecting discovery, and since there was no willful disobedience of a specific notice for discovery, the sanction imposed by the Supreme Court pursuant to CPLR 3126 was unwarranted as a matter of law, and *a fortiori*, as a matter of discretion (*see generally, Mayers v Consolidated Charcoal Co.,* 154 AD2d 577; *Pietrowski v City of New York,* 166 AD2d 423;

*see also, Tokarczyk v St. Barnabas High School,* 118 AD2d 519; *Phannis v Fortway Realty Corp.,* 22 Misc 2d 324).

Furthermore, that branch of the motion which sought further disclosure from this witness *(see,* CPLR 3124) should be denied on the ground that the supporting papers were inadequate. The proper procedure to be followed in order to compel the discovery of documents is to prepare and serve a notice for discovery and inspection which describes the documents sought with reasonable particularity, so as to permit the court, if necessary, to decide whether the documents in question should be shielded from discovery *(see,* CPLR 3120; *Related Co. v Bishops Servs.,* 171 AD2d 421; *Auerbach v Frank,* 133 AD2d 799; *Rios v Donovan,* 21 AD2d 409). Similarly, the proper procedure to be followed in order to compel a further deposition of a witness is to indicate to the court precisely which questions were not answered, that the witness's refusal to answer was improper, and that a further deposition is the appropriate remedy *(see,* CPLR 3124). This can be done by way of formal motion after the deposition, or, perhaps preferably, by an informal application for a "ruling" during the course of the deposition *(see generally,* Siegel, NY Prac § 366, at 536-537 [2d ed]). It is only after specific questions have been identified that a reviewing court will be able to determine whether the question invades a privilege so as to be "palpably improper" *(see, Ferraro v New York Tel. Co.,* 94 AD2d 784, 785; *Watson v State of New York,* 53 AD2d 798; *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654).

In the present case, NGIC's counsel failed to specify any particular question to which the witness had improperly refused to respond. No portion of the transcript of the deposition was annexed to, or even referred to, in the text of counsel's affirmation. The Supreme Court had no duty to comb through the transcript of the deposition (which was annexed to the plaintiff's opposition papers) in order to determine which questions, if any, were palpably improper so as to permit the witness to refuse to answer *(see, Ferraro v New York Tel. Co., supra).*

Furthermore, there has been no demonstration that the information sought by the defendants from the nonparty witness in question cannot be obtained through ordinary pretrial disclosure from the plaintiff. For this additional reason, we believe that the papers submitted by counsel in support of that branch of the motion which was to direct further discovery should have been denied.

Although we conclude that so much of the motion as was

for further discovery should be denied, we do not wish to completely foreclose the defendants from obtaining further discovery from this witness. However, as a matter of discretion, such further discovery should be directed only upon a concrete showing that the information sought is not available from the plaintiff directly. We therefore grant NGIC leave to renew this portion of the motion. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.