■ GROSSBERG TUDANGER ADVERTISING, INC., Appellant, v ROBERT L. WEINREB et al., Respondents.—Order of the Supreme Court, New York County (Edward Greenfield, J.), entered August 24, 1990, which denied plaintiff's motion to vacate a default judgment pursuant to CPLR 5015 is unanimously reversed, on the law and facts, the motion to vacate the default granted and the complaint reinstated, without costs or disbursements.

Plaintiff performed advertising services for defendant Tenba, Inc., and obtained a judgment against Tenba for payment of monies due for these services. Thereafter, plaintiff commenced this action alleging fraudulent transfer of Tenba's assets to defendant Quality Cases, Ltd.

Defendants moved, *inter alia,* pursuant to CPLR 3211 (a) (5) and (7) to dismiss the verified complaint. A stipulation was entered into by the parties to adjourn the motion to January 23, 1990 and defendants, pursuant to the agreement, appeared to file the stipulation. The IAS court informed the attorney for defendants on January 16, 1990 that the motion for adjournment was marked "final" but apparently plaintiff's counsel was not informed of this. Consequently, when counsel for plaintiff requested an adjournment on January 23, the court denied the request and *sua sponte* entered a default. Thereafter, the IAS court denied plaintiff's motion to vacate this default finding plaintiff failed to provide an affidavit of an individual with personal knowledge of the facts.

A prerequisite of an application to vacate a default is an affidavit of merit containing evidentiary facts which are attested to by one with personal knowledge of those facts *(see,*

*Barasch v Micucci,* 49 NY2d 594, 599). However, it has also been noted that: "The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form', e.g., documents, transcripts. Such an affidavit or affirmation could also be accepted with respect to admissions of a party made in the attorney's presence." *(Zuckerman v City of New York,* 49 NY2d 557, 563.)

The moving affirmation here was by Keven Danow, Esq. who had personal knowledge of the facts acquired by him at supplementary proceedings in the prior action and who also used his affirmation as a vehicle to submit documents which also provided "evidentiary proof in admissible form". Therefore, the attorney's affirmation herein should have been considered by the IAS court.

In addition, plaintiff demonstrated that its default was excusable. Plaintiff was not informed the last adjournment was "final" and counsel could not locate an exhibit on that return date. Pursuant to CPLR 2005, law office failure does not preclude a court from exercising its discretion to excuse delay or default. In the exercise of our discretion we consider such law office failure as an adequate excuse for such default under the circumstances.

Further, plaintiff adequately demonstrated a meritorious cause of action *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904).

Plaintiff sought to set aside the transaction between Tenba and Quality on the grounds of failure to comply with the Bulk Transfers Act (UCC art 6). A bulk sale is defined in UCC 6-102 (1) as a "transfer in bulk and not in the ordinary course of the transferor's business of a major part of the materials, supplies, merchandise or other inventory".

While defendants maintain that the transaction between Tenba and Quality was not a "bulk sale", questions of fact remain as to what type of transfer occurred between Tenba and Quality. Indeed, the UCC does not define exactly what constitutes a "major part", nor does the UCC make clear whether or not simultaneous multiple transfers can constitute bulk sales. The affidavits submitted demonstrate that much of the raw materials and inventory of Tenba was transferred to Quality. An inference may be made that defendants may have transferred all of the assets of Tenba for the purpose of avoiding a judgment by plaintiff against Tenba.

Defendants also contend that the claim under the Bulk Transfers Act is barred by the six-month statute of limitations. However, the UCC provides "[n]o action * * * shall be brought * * * more than six months after the date on which the transferee took possession of the goods *unless the transfer has been concealed"* (UCC 6-111 [emphasis added]). Here, if as plaintiff contends, the transfer was purposely concealed from it, the six month limitation period would not be a bar.

Finally, defendants assert that plaintiff's claim for fraud fails to state a cause of action. However, Keven Danow's affirmation together with the exhibits, clearly and sufficiently allege that the transfer between Tenba and Quality was made with the sole purpose of denuding Tenba of its assets so that it would be left with an insufficient amount of money to pay plaintiff's judgment. Moreover, the affidavit is sufficiently detailed to satisfy the claim for fraud *(see,* CPLR 3016 [b]). Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.