■ VICTOR HERMAN, Respondent, v SANDRA HERMAN, Appellant. [595 NYS2d 329] —In a matrimonial action in which the parties were divorced by judgment dated January 4, 1990, the defendant appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated January 28, 1991, which denied her motion to vacate the judgment dated January 4, 1990, entered upon her stipulation, and a judgment of the same court, entered November 14, 1989, upon her default in appearing at a trial held on July 24, 1989, and in complying with a conditional order of preclusion of the same court, dated March 15, 1989.

Ordered that the order dated January 28, 1991, is affirmed, with costs.

The defendant claims that she never agreed to the judgment of divorce dated January 4, 1990, and accordingly that the Supreme Court should have granted that branch of her motion which was to vacate that judgment. We disagree. At an inquest on December 14, 1988, the wife answered "Yes" in response to the court's question as to whether she understood "what [wa]s going on here" and as to whether she agreed to a judgment of divorce being entered against her. Further, the plaintiff made out the elements of a cause of action for divorce

on the ground of constructive abandonment *(cf., Lyons v Lyons,* 187 AD2d 415).

The Supreme Court also properly denied that branch of the defendant's motion which was to vacate the judgment entered November 14, 1989. The court's determination that the only financial relief to which the defendant was entitled was a sum of money equal to one-half of the proceeds of the sale of the former marital residence, less the amount she had removed from the custodial accounts of the parties' children, directly resulted from a prior conditional order of preclusion of the same court (Friedenberg, J.H.O.), dated March 15, 1989, which, pursuant to CPLR 3126 (2), precluded the defendant from offering proof with regard to the economic issues in the event that she failed to appear at a deposition and failed to produce certain documents. Since no appeal was taken from that order, the propriety of the remedy of preclusion is not before us *(see, Pergamon Press v Tietze,* 81 AD2d 831). We further note that the defendant never offered a reasonable excuse for her default *(see, Mariani v Fleishman,* 160 AD2d 911). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.