■ JENNY RAFMAN, Appellant, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al., Respondents. [619 NYS2d 540] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 6, 1993, which, in an action seeking to recover under a fire insurance policy, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Summary judgment was proper absent an adequate explanation from plaintiff why she repeatedly failed to supply necessary information relating to her insurance claim or to appear at a deposition repeatedly rescheduled to allow her more time to comply with defendants' requests for information *(see, Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 837; *Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). Cases cited by plaintiff to the effect that sanctions for failure to disclose should not be imposed without a showing by the seeking party of the particular questions not answered and documents not produced *(American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591; *Remuneration Planning & Servs. Corp. v Berg &*

*Brown,* 151 AD2d 268) are inapposite, since the parties were not litigants subject to court rules of practice for purposes of the investigating disclosure defendant sought pursuant to the policy, and, in any event, there was a lack of compliance even under the more regulated strictures of CPLR article 31. Concur—Sullivan, J. P., Wallach, Ross, Rubin and Williams, JJ.