■ PENNY R. BARBER, Appellant, v FORD MOTOR COMPANY et al., Respondents. [673 NYS2d 642] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about April 25, 1996, which granted the motion of defendant Hertz Corporation to preclude plaintiff from offering evidence at trial, unless plaintiff complied with a November 8, 1995 preliminary conference order, and denied plaintiff's cross motion, *inter alia*, to strike Hertz's answer, restore a default application and reopen a traverse hearing as to Hertz, strike Hertz's counterclaims, impose sanctions and prevent depositions from proceeding for Hertz's purported failure to comply with plaintiff's November 8, 1995 discovery demand, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant plaintiff leave to move to dismiss Hertz's affirmative defenses and counterclaims pursuant to CPLR 3211, or, alternatively, to answer the counterclaims, and otherwise affirmed, without costs. Appeal from order, same court (Leland DeGrasse, J.), entered April 21, 1997, on plaintiff's default, unanimously dismissed, without costs, as taken from a nonappealable paper.

We perceive no basis to disturb those portions of the April 25, 1996 order before us requiring plaintiff's compliance with the November 8, 1995 preliminary conference order from which plaintiff took no appeal. Respecting those portions of the April 25, 1996 order denying so much of plaintiff's cross motion as sought to have defendant Hertz sanctioned for noncompliance with the November 8, 1995 preliminary conference order, we, again, see no basis to disturb the motion court's determination. In this latter connection, we note that plaintiff's direct resort to a motion for sanctions was not the proper procedure to address purported deficiencies in Hertz's responses to plaintiff's discovery demands and/or the November 8, 1995 preliminary conference order. The proper course would have been to proceed with the ordered depositions, determine at that time whether or not other documents were available, request their production pursuant to CPLR 3120 (*see, D'Alessio v Nabisco, Inc.*, 123 AD2d 816; *King v Morris*, 57 AD2d 530), and make a good faith effort to bring about a non-judicial resolution of any remaining discovery disputes (22 NYCRR 202.7 [a], [c]; *see, Eaton v Chahal*, 146 Misc 2d 977, 982). If, at that juncture, the parties had been unable to resolve their differences, a motion

pursuant to CPLR 3124 to compel further discovery would have been the appropriate means of proceeding.

The denial of that part of plaintiff's cross motion seeking to reopen the traverse hearing respecting service of Hertz's answer was also proper, plaintiff's motion to dismiss Hertz's answer for improper service having been withdrawn pursuant to the November 8, 1995 preliminary conference order from which, as noted, there was no appeal.

We modify only to the extent of granting plaintiff leave to reassert that portion of her denied cross motion seeking to have Hertz's affirmative defenses and counterclaims struck or, alternatively, to answer the counterclaims. This portion of plaintiff's cross motion would appear to have been in the nature of a CPLR 3211 (a) (7); (b) motion to dismiss but was so inartfully pleaded that it was not addressed as such by the motion court.

We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Andrias, JJ.