(March 18, 1999)

■ JULIEN D. DESHLER, an Infant, by His Father and Natural Guardian, STEVEN F. DESHLER, Plaintiff, and STEVEN F. DESHLER, Appellant, v EAST WEST RENOVATORS, INC., et al., Respondents. (And a Third-Party Action.) [687 NYS2d 65] —Appeal from order, Supreme Court, New York County (Harold Tompkins, J.), entered February 19, 1998, which upon appellant's failure to appear on the calendar call, denied his motion for summary judgment on the counterclaims, unanimously dismissed, without costs. Order, same court and Justice, entered on or about April 15, 1998, which denied appellant's

motion to vacate the February 19, 1998 order entered upon his default, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the matter remanded to the Administrative Judge for reassignment to another Justice. Appeal from order, same court and Justice, entered June 29, 1998, which denied appellant's motion to reargue the two prior orders, unanimously dismissed, without costs.

Inasmuch as there is no appeal from an order denying reargument (*see, Lee v Eglisau Estates,* 255 AD2d 239; *Silverstein v Silverstein,* 130 AD2d 369), and no appeal from an order denying summary judgment on default (*see, Barber v Ford Motor Co.,* 250 AD2d 552; *Raybould v Swett,* 248 AD2d 238; CPLR 5511), the appeals from those orders must be dismissed. The appeal from the order denying vacatur cannot be dismissed as untimely here, in the absence of evidence as to when that order and notice of entry was served upon defendants. Moreover, that order is reversed. Appellant sufficiently demonstrated that he had a reasonable excuse for the default, i.e., the court's notification of the wrong attorney and the failure of his clerical service to discover the adjourned date for oral argument on the motion (*see, Drummond v Petito,* 253 AD2d 407; *Grossberg Tudanger Adv. v Weinreb,* 177 AD2d 377; *Coughlin v Merchants Mut. Ins. Co.,* 58 AD2d 913), that his summary judgment motion and his claim against defendants had merit, and that defendants suffered no prejudice as a result of his default since they had submitted their opposition papers well in advance of oral argument. Concur—Ellerin, P. J., Rosenberger, Williams and Andrias, JJ.