■ PEGGY S. TALLMAN, Appellant, v DANCETERIA, LTD., et al., Respondents. [710 NYS2d 71] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 15, 1999, which denied plaintiff's motion to renew her earlier motion to excuse her default, reinstate her complaint, and restore the matter to the court calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the complaint reinstated and the matter remanded for further proceedings.

The procedural "missteps" in this matter do not warrant the "draconian sanction" of dismissal of the complaint. The court cited no specific statutory grounds for dismissing the complaint initially, and indeed the complaint should not have been dismissed (see, e.g., CPLR 3404, 3216; see also, Cohn v Borchard Affiliations, 25 NY2d 237). Far from abandoning her case, plaintiff had moved for a default judgment against the non-answering defendants and was engaged in discovery with the answering defendants (see, Marco v Sachs, 10 NY2d 542, 550). Moreover, the non-answering defendants had not opposed her motion for a default judgment against them, and none of the defendants opposed her subsequent motion to vacate the dismissal.

We find that plaintiff demonstrated a reasonable excuse, i.e., law office failure, for her default (see, CPLR 2005; Deshler v East W. Renovators, 259 AD2d 351) and a meritorious cause of action (see, e.g., Pastore v Golub Corp., 184 AD2d 827). In view

of their failure either to resist plaintiff's efforts to restore her case to the calendar or to move on their own initiative for dismissal based on failure to prosecute, defendants may not be heard to claim prejudice to their ability to locate witnesses at this time. Concur—Nardelli, J. P., Tom, Ellerin, Lerner and Andrias, JJ.