■ MANUEL S. ORDONEZ, Appellant, v ZULEIKA GUERRA et al., Defendants, and LUTHERAN MEDICAL CENTER et al., Respondents. [743 NYS2d 156] —In an action to recover damages

for negligence and medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated September 26, 2000, as granted those branches of the respective motions of the defendants Lutheran Medical Center and N. Bartha, and Roger Ramos, which were to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126 for failure to provide disclosure.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

It is well settled that the nature and degree of the penalty to be imposed pursuant to CPLR 3126 for a party's failure to disclose lies within the sound discretion of the trial court (*see Lavi v Lavi,* 256 AD2d 602; *Kubacka v Town of N. Hempstead,* 240 AD2d 374). The plaintiff engaged in a pattern of conduct over a period of time which evidenced an intent to willfully and contumaciously obstruct and delay the progress of disclosure.

The plaintiff's resistance to disclosure commenced at the time of the first preliminary conference so ordered stipulation and continued throughout the next two years. Indeed, the plaintiff's recalcitrance in providing discovery necessitated the defendants making no less than three motions to dismiss pursuant to CPLR 3126 to compel discovery compliance. The second of those motions produced a conditional order of dismissal dated March 14, 2000, which directed the plaintiff to provide "outstanding authorizations." The third CPLR 3126 dismissal motion, which resulted in an order dated September 26, 2000, dismissing the complaint, was based upon the plaintiff's failure to comply with various demands for disclosure.

In the order dated September 26, 2000, the court stated that "plaintiff failed to comply with [the court's] prior order dated March 14, 2000, which was self-executing." However, the dismissal order stemmed from a motion which was based upon the plaintiff's continued failure to comply with various discovery demands, and not just the authorizations compelled by the order dated March 14, 2000. Moreover, the order of dismissal dated September 26, 2000, specifically stated that it was based, inter alia, "upon review of the record." Thus, it is clear that the March 14, 2000, conditional dismissal order was merely the catalyst for the defendants' final dismissal motion wherein the court was presented with a complete record of the plaintiff's entire history of failing to provide full and complete disclosure, despite two discovery orders, preliminary and compliance conferences, and numerous demands. Accordingly,

since the plaintiff engaged in a pattern of "willful disobedience of a specific notice for discovery" (*American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591, 592; *see also Rafman v Indemnity Ins. Co. of N. Am.,* 209 AD2d 290), dismissal under CPLR 3126 was warranted.

Therefore, contrary to the position of our dissenting colleague, although the plaintiff provided the authorizations required by the order dated March 14, 2000, the subsequent dismissal of the complaint was proper. Upon the defendants' third CPLR 3126 motion, the court had the discretion to make whatever order it deemed "just," including dismissal of the complaint (CPLR 3126; *see Cutolo v Khalife,* 242 AD2d 661; *Porreco v Selway,* 225 AD2d 752; *DeGennaro v Robinson Textiles,* 224 AD2d 574). Santucci, J.P., S. Miller and Krausman, JJ., concur.

Goldstein, J., dissents, and votes to reverse the order insofar as appealed from, on the law, deny those branches of the respondents' respective motions which were to dismiss the action insofar as asserted against them pursuant to CPLR 3126, and reinstate the action against them, with the following memorandum: In response to prior motions for summary judgment and sanctions based upon the plaintiff's alleged failure "to provide outstanding disclosure," the Supreme Court issued an order dated March 14, 2000, which provided: "Defendants' motion and cross-motion are granted unless plaintiff provides the outstanding authorizations regarding plaintiff's medical condition, employment and insurance within (30) days of service of a copy of this order with notice of entry on plaintiff's counsel. The Court finds that the demands at issue are not improper but rather relevant and material. This order is self executing."

The respondents did not appeal from that order. On April 8, 2000, the plaintiff provided the requested authorizations.

Thereafter, the respondents moved again to dismiss the action on the ground that the plaintiff failed to provide all outstanding disclosure. In the order appealed from, dated September 26, 2000, the Supreme Court, after hearing oral argument and "upon review of the record," dismissed the action against the respondents on the ground that "plaintiff failed to comply with its prior order dated March 14, 2000, which was self executing."

On appeal, the respondents do not contest that the plaintiff provided the authorizations which he was directed to produce in the order dated March 14, 2000. In their brief, the respondents Lutheran Medical Center and Dr. Nicholas Bartha concede that "appellant, literally, provided the *authorizations*

as the IAS Court directed" (emphasis in original). The respondent Dr. Roger Ramos acknowledges in his brief that the plaintiff provided authorizations for optometry records, Dr. Hausknecht, Comprehensive Care, Maimonides Medical Center, employment records, records of the Internal Revenue Service, no-fault records, and insurance records.

The respondents contend that dismissal was warranted based upon the entire record. The majority affirms the order dated September 26, 2000, insofar as appealed from, on the ground that, "although the plaintiff provided the authorizations required by the order dated March 14, 2000," dismissal of the complaint pursuant to CPLR 3126 was within the discretion of the Supreme Court, based upon the plaintiff's alleged failure to comply with "various demands for disclosure" not addressed in the order dated March 14, 2000.

In the order dated March 14, 2000, the Supreme Court, in its discretion, held that the proper penalty to impose for the plaintiff's failure to comply with outstanding discovery demands was a self-executing conditional order requiring the plaintiff to provide certain authorizations. Since no appeal was taken from that order, its propriety is not before us (*see Herman v Herman,* 191 AD2d 535, 536; *Spann v Ellis,* 131 AD2d 830).

In effect, the respondents were seeking a second bite of the apple. Having failed to move for leave to reargue or appeal from the order dated March 14, 2000, the respondents were precluded from challenging the sufficiency of the relief afforded to them in that order (*see Herman v Herman, supra*; *Spann v Ellis, supra*). The order dated March 14, 2000, became the law of the case, binding on the trial court as well as the parties (*see Andrea v E.I. du Pont de Nemours & Co.,* 289 AD2d 1039; *Kimmel v State of New York,* 261 AD2d 843).

The finding in the order appealed from dated September 26, 2000, that the plaintiff failed to comply with the order dated March 14, 2000, is apparently based upon its assumption that the order dated March 14, 2000, mandated compliance with all of the respondents' discovery demands, not just the demands for authorizations. That finding is contrary to the order dated March 14, 2000, and is erroneous as a matter of law and a fortiori as a matter of discretion (*see American Reliance Ins. Co. v National Gen. Ins. Co.,* 174 AD2d 591, 592).

In support of its conclusion that dismissal of the complaint was within the trial court's discretion, the majority cites cases in which the plaintiff *failed to comply* with prior orders enforcing discovery demands (*see Cutolo v Khalife,* 242 AD2d 661;

*Porreco v Selway,* 225 AD2d 752; *DeGennaro v Robinson Textiles,* 224 AD2d 574). No authority is cited for the proposition that *compliance* with a conditional order of dismissal could serve as a "catalyst" for dismissal pursuant to CPLR 3126.

Indeed, the plain language of CPLR 3126 states that the penalties pursuant to that provision may be imposed where a party *"refuses to obey* an order for disclosure or *wilfully fails to disclose* information which the court finds ought to have been disclosed" (emphasis supplied). The "extreme penalty" of preclusion or dismissal is warranted only where the *"failure* to comply with an order of disclosure * * * has been willful or contumacious" (*Gorokhova v Belulovich,* 267 AD2d 202, 203 [emphasis supplied]).

Although the majority asserts that "this was not a situation" where there has been "no willful disobedience of a specific notice for discovery" (*American Reliance Ins. Co. v National Gen. Ins. Co., supra* at 592), neither the majority nor the trial court articulate any "specific notice of discovery" which the plaintiff disobeyed. General claims that the plaintiff has demonstrated "resistance" or "recalcitrance" to disclosure or failed to comply with a preliminary conference order do not constitute grounds for the imposition of sanctions pursuant to CPLR 3126 (*see Barber v Ford Motor Co.,* 250 AD2d 552).

Accordingly, the order dated September 26, 2000, should be reversed insofar as appealed from, those branches of the respondents' respective motions which were to dismiss the action insofar as asserted against them should be denied, and the action insofar as asserted against the respondents should be reinstated.