■ MILBRANDT & CO., INC., Appellant, v JOHN W. GRIFFIN et al., Respondents. [798 NYS2d 908]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated November 6, 2003, as granted the defendants' separate motions, inter alia, to dismiss the complaint insofar as asserted against them for failure to comply with discovery demands to the extent of precluding the plaintiff from, among other things, introducing any evidence regarding material sought in the defendants' discovery demands other than material that was provided in its responses thereto dated June 12, 2003, and June 16, 2003, respectively, and denied its cross motion, inter alia, to compel the defendants to respond to its discovery demands, and (2) an order of the same court dated April 2, 2004, which denied its motion for leave to reargue the prior motions and cross motion.

Ordered that the appeal from the order dated April 2, 2004, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated November 6, 2003, as determined the motion of the defendant

John M. Glover Agency, and as denied that branch of the plaintiff's cross motion which was to compel that defendant to comply with discovery demands, is dismissed as academic; and it is further,

Ordered that the order dated November 6, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The issues raised on this appeal with respect to the defendant John M. Glover Agency have been rendered academic because, by order dated August 16, 2004, the Supreme Court, inter alia, granted that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff failed to perfect its appeal from that order and the appeal under Appellate Division docket No. 2004-07776, was dismissed by decision and order on motion of this Court dated May 10, 2005.

The nature and degree of the sanction to be imposed pursuant to CPLR 3126 for a party's willful failure to disclose information lies within the sound discretion of the court (see CPLR 3126 [2]; Ordonez v Guerra, 295 AD2d 325, 326 [2002]). The Supreme Court providently exercised its discretion in imposing the sanction of preclusion. Moreover, the Supreme Court properly denied that branch of the plaintiff's cross motion, inter alia, which was to compel the defendant John W. Griffin to respond to its discovery demands because the plaintiff's discovery demands were untimely pursuant to the Supreme Court's disclosure order dated February 7, 2003. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.