Orders, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered May 16, 2013, which, insofar as appealed from, granted defendants’ motion dismissing the second through fifteenth causes of action, and denied plaintiffs’ motion for advancement of legal fees and expenses, unanimously modified, on the law, to declare that plaintiff is not entitled to a rescission of the settlement agreement, and otherwise affirmed, without costs.
In the course of a prior litigation, the parties entered into a settlement agreement obliging defendants to pay $160,000, in monthly installments of $5,000, to plaintiffs, with plaintiffs agreeing to transfer to defendants certain equity interests in defendants’ entities, and the parties agreeing to mutually release each other with respect to any obligations and claims up to the date of agreement. After defendants paid only $55,000, plaintiffs initiated this lawsuit, seeking to rescind the settlement agreement and revive their original claims.
The motion court properly determined that plaintiffs are not
*547 entitled to rescission of the settlement agreement. It correctly found that the agreement was not intended to be an executory accord, but a substitute agreement (see Goldbard v Empire State Mut. Life Ins. Co., 5 AD2d 230, 233 [1st Dept 1958]), that money damages are an adequate remedy, and that restoration of the status quo is impracticable (see Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]; Sokolow, Dunaud, Mercadier & Carreras v Lacker, 299 AD2d 64, 71 [1st Dept 2002]).
The court properly denied plaintiffs’ motion for an advancement of legal fees and indemnification since there is no basis for such claims given the releases in the settlement agreement, which, as discussed above, remain in effect, and which extinguished any such preexisting obligations. Concur — Gonzalez, EJ., Tom, Renwick, Freedman and Clark, JJ.