Sotheby's Intl. Realty, Inc. v Deutsch (2016 NY Slip Op 02152)





Sotheby's Intl. Realty, Inc. v Deutsch


2016 NY Slip Op 02152


Decided on March 24, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2016

Tom, J.P., Friedman, Saxe, Richter, JJ.


650078/11 593 592

[*1]Sotheby's International Realty, Inc., Plaintiff-Respondent,
v
Donald Deutsch, et al., Defendants-Appellants.


Judd Burstein, P.C., New York (Judd Burstein of counsel), for appellants.
Kelley Drye & Warren LLP, New York (Geoffrey W. Castello and Nainesh Ramjee of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered November 24, 2014, after a nonjury trial, in favor of plaintiff in the total sum of $1,657,319.45, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 23, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this action for damages arising from a claimed breach of contract relating to the sale of two of defendants' properties in East Hampton, New York, we find no basis to disturb the trial court's findings, based largely on credibility determinations, that there was an express agreement or at least an implied agreement to pay plaintiff a commission of 4% (see Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 149, 153 [1st Dept 2003]).
Plaintiff's broker (1) told defendant Deutsch that the buyer was interested in the property; (2) personally showed the buyer, his wife, and his decorator the property; (3) discussed the potential purchase price with the buyer at the property; (4) continued to keep Deutsch abreast of the buyer's interest; (5) sent the buyer, at his and Deutsch's request, information on comparable properties; and (6) sought Deutsch's permission to put the buyer in touch with Deutsch's counsel for zoning information on the property. It was therefore not against the weight of the evidence for the trial court to conclude that the broker was the procuring cause of the purchase, or, even if he was unable to prove that he was the procuring cause of Marks's purchase, that defendants terminated his activities "in bad faith and as a mere device to escape the payment of the commission" (SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 100 [1st Dept 2014] [internal quotation marks omitted]).
Even if there was a compromise, and the parties substituted the amount of $150,000 as the new commission, as contended by the defendants (see Wyckoff v Searle Holdings Inc., 111 AD3d 546, 546-547 [1st Dept 2013]), the trial court correctly found that defendants negated that [*2]agreement when they failed to make payment. Thus, the trial court's credibility findings that the parties reached an agreement for a 4% commission, which itself was less than the customary rate in the area, should not be disturbed (see Matter of Metropolitan Transp. Auth., 86 AD3d 314, 320 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 24, 2016
CLERK