Sky Coverage Inc. v Alwex Inc. (2021 NY Slip Op 03271)





Sky Coverage Inc. v Alwex Inc.


2021 NY Slip Op 03271


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Index No. 652604/18 Appeal No. 13887-13887A-13887B Case No. 2021-00190, 2021-00191 

[*1]Sky Coverage Inc. et al., Plaintiffs-Respondents-Appellants,
v
Alwex Inc. et al., Defendants-Appellants-Respondents.


Goldberg Segalla, New York (Matthew S. Trokenheim of counsel), for appellants-respondents.
Goldsmith & Fass, New York (Robert N. Fass of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about October 22, 2020, which, to the extent appealed from and appealable as limited by the briefs, denied the parties' motions for summary judgment, unanimously modified, on the law, to dismiss plaintiffs' claim for rescission of the settlement agreement, and otherwise affirmed, without costs. Appeal from aforementioned order, insofar as it denied plaintiffs' motion for contempt without prejudice, with leave to renew, unanimously dismissed, without costs. Order, same court and Justice, entered on or about December 15, 2020, which denied defendants' motion to compel compliance with a subpoena issued to nonparty Held & Hines LLP, unanimously affirmed, without costs.
Although the motion court properly denied plaintiffs' motion for summary judgment on plaintiffs' rescission claim, it should have granted defendants' motion for summary judgment dismissing that claim, as plaintiffs are not entitled to rescission of the settlement agreement. Plaintiffs have an adequate remedy at law in the form of money damages under their breach of contract claim, and restoration of the status quo is impracticable (see Wyckoff v Searle Holdings Inc., 111 AD3d 546, 547 [1st Dept 2013]; Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 71-72 [1st Dept 2002]). Although plaintiffs argue that money damages are not a proper remedy since they suffered harm to their reputation, their claim essentially describes loss of prospective business, as various insurance carriers declined to work with plaintiffs, which is an economic loss.
Defendants' appeal from the denial of plaintiffs' motion for contempt on procedural grounds is dismissed, as a party that has received the relief sought is not aggrieved by the order (see T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862 [1997]). Here, defendants opposed plaintiffs' motion on the grounds, among other things, that it was procedurally defective and that the nondisparagement injunction did not present a clear and unequivocal mandate. The court sided with defendants and concluded that the request should be denied on procedural grounds; it did not grant the relief sought by plaintiffs against defendants, which would have been a finding of contempt.
Finally, the court properly denied defendants' motion to compel. Any motion to compel compliance with a subpoena must, as a threshold matter, be supported by a prima facie showing of proper service of the subpoena (see American Reliance Ins. Co. v National Gen. Ins. Co., 174 AD2d 591, 593 [2d Dept 1991]). However, it does not appear in the record that defendants submitted proof of such proper personal service on Held &
Hines LLP. Moreover, Marc Held specifically raised the issue of lack of personal service in the opposition papers.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021