(December 28, 1992)

■ ROBERT ADAMS, Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER et al., Respondents, et al., Defendant.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated October 30, 1990, which granted the motion of the defendants Brookdale Hospital Medical Center and Henry Burns to dismiss the complaint insofar as asserted against them for failure to comply with a previous order.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in May 1986. Issue was joined in July 1986 by service of the defendants' answers with discovery demands. By order dated January 4, 1988, the court, among other things, directed the plaintiff to serve separate further bills of particulars. On January 22, 1988, a preliminary conference order was issued which directed the plaintiff to, among other things, furnish medical record authorizations to the respondents. When the plaintiff failed to comply with these discovery orders, the respondents moved in July 1988 to dismiss the complaint. The court originally granted this motion in August 1988 but, upon reargument, the court reversed its decision in April 1989. Over a year later, in May 1990, when the plaintiff still had not complied with the court's discovery orders, the respondents again moved to dismiss the complaint. While this motion was pending, the plaintiff finally forwarded the requested discovery documents to the respondents in late July 1990. By an order dated October 30, 1990,

the court granted the respondents' motion to dismiss the complaint insofar as asserted against them for failure to comply with a previous court order. In an accompanying written decision, the court noted that "The cause of action was commenced over four years ago. The plaintiff's conduct has gone beyond any court's level of tolerance. The last minute attempt to respond to outstanding discovery demands is too little and too late".

The four-year delay between the commencement of this action and the plaintiff's compliance with the court's discovery orders demonstrates that the conduct of the plaintiff's attorney was deliberate and contumacious *(see generally, Bermudez v Laminates Unlimited,* 134 AD2d 314, 315; *Farrell v New York State Elec. & Gas Corp.,* 120 AD2d 778). Moreover, the excuse of the plaintiff's attorney for this delay, that he had "difficulty communicating" with the plaintiff, is insufficient *(see, Egan v Federated Dept. Stores, Abraham & Straus Div.,* 108 AD2d 718, 719; *De Vito v Marine Midland Bank,* 100 AD2d 530, 532). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the motion to dismiss the plaintiff's complaint insofar as asserted against the respondents. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.