■ DIANA SPINELLO et al., Respondents, v ABORTION SERVICES OF O.B.G.Y.N. ASSOCIATES MEDICAL PAVILION et al., Defendants, and MICHAEL M. LEVI, Appellant. [598 NYS2d 301] — In an action to recover damages for medical malpractice, etc., the defendant Michael M. Levi appeals from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated January 15, 1991, as denied his motion for dismissal of the complaint against him pursuant to CPLR 3126 for the plaintiffs' failure to submit to examinations before trial.

Ordered that the order is reversed insofar as appealed from, on the law and as matter of discretion, with costs, the motion is granted, the complaint against the appellant is dismissed, and the action against the remaining defendants is severed.

This action was commenced in 1979. In April 1981 a precal-

endar order, *inter alia,* directed the plaintiffs to appear for examinations before trial in July 1981. The examinations did not take place. Over seven years later, at a preliminary conference held in October 1988, the plaintiffs' counsel stated that the file had been misplaced, and requested an adjournment, which the court granted. There were several further adjournments, and the preliminary conference ultimately was held in September 1989. Another preliminary conference order resulted, in which, *inter alia,* the plaintiffs were directed to appear for depositions in January 1990. The plaintiffs did not appear. After a status conference set for June 1990 was adjourned, the defendant Michael M. Levi moved to dismiss the complaint pursuant to CPLR 3126 for the plaintiffs' failure to submit to depositions over a 10-year period. He also moved for summary judgment on the merits pursuant to CPLR 3212. The court denied that branch of the motion made pursuant to CPLR 3126 and ordered the plaintiffs to submit to an examination before trial within 30 days of service of its order. It did not rule on that branch of the motion which was for summary judgment.

We reverse and dismiss the complaint insofar as it is asserted against the appellant Levi. The decade-long delay in responding to court-ordered discovery permits the inference that the plaintiffs willfully failed to provide that discovery *(see,* CPLR 3126 [3]; *Wolfson v Nassau County Med. Ctr.,* 141 AD2d 815), and they have failed to offer a reasonable excuse for their default *(see, e.g., Scharlack v Richmond Mem. Hosp.,* 127 AD2d 580, 581). If the file were lost sometime between 1981 and 1988, the plaintiffs either took no action to reconstruct it or did not look for it at all, and thus did not discover the problem until sometime near the 1988 conference. Further, the plaintiffs made no showing that they attempted to promptly remedy the situation after the court granted an adjournment of that conference to allow them to do so. In sum, there is not the slightest indication that the plaintiffs had any inclination to proceed with discovery or their lawsuit until threatened with dismissal. Under these circumstances, the court erred in refusing to dismiss the complaint insofar as it is asserted against the appellant *(see, Wolfson v Nassau County Med. Ctr., supra; Scharlack v Richmond Mem. Hosp., supra).*

The Supreme Court did not decide that branch of the appellant's motion which was for summary judgment on the merits. Consequently, the issue of whether summary judgment should be granted on the merits is not before us on this appeal

*(see, Katz v Katz,* 68 AD2d 536, 542-543). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.