■ GARCIA JOHNSON, an Infant, by Her Parent and Natural Guardian, MAURICE JOHNSON, et al., Respondents, v GREATER NEW YORK CONFERENCE OF SEVENTH DAY ADVENTIST CHURCH, Appellant. [612 NYS2d 242] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated June 19, 1992, which denied its motion to vacate an order of the same court, dated October 22, 1991, which dismissed the action, without prejudice, for failure to comply with the court's schedule for pretrial disclosure and for failure to file a note of issue.

Ordered that the order is affirmed, with costs.

The defendant contends that the Supreme Court improvidently exercised its discretion in dismissing the action because the dismissal without prejudice did not bar the infant plaintiff from recommencing her action in Bronx County, where it had originally been improperly venued (see, Johnson v Greater N. Y. Conference of Seventh Day Adventist Church, 181 AD2d 862). We disagree, and find that the court properly declined to vacate its prior order which dismissed the action based upon the parties' failure to comply with the court's schedule for the completion of pretrial discovery. The record demonstrates that both parties willfully failed to proceed with pretrial discovery for a period of nearly two years, and offered no excuse for disregarding the court's notice that it would dismiss the action unless a note of issue was filed, or an extension of time in

which to complete discovery was sought. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in imposing the sanction of dismissal for the parties' failure to comply with its discovery order *(see,* CPLR 3126; *Spinello v Abortion Servs. of O.B.G.Y.N. Assocs. Med. Pavilion,* 193 AD2d 797; *Adams v Brookdale Hosp. Med. Ctr.,* 188 AD2d 630; *Gonzalez v Paniccioli,* 174 AD2d 709), or in declining to vacate its order of dismissal solely to prevent the infant plaintiff from recommencing her action in Bronx County where she had relocated. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.