■ PATTI A. SMITH, Respondent-Appellant, v EASTERN LONG ISLAND HOSPITAL et al., Appellants-Respondents, et al., Respondents. [692 NYS2d 726] —In an action to recover damages for medical malpractice and wrongful death, (1) the defendants Eastern Long Island Hospital, Evan Geller, Lloyd Simon, Alan Hartman, Mel Kaplan and Robert Mason separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 29, 1998, as denied their respective motions to strike the plaintiff's complaint pursuant to CPLR 3126 and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion to compel depositions of the defendants.

Ordered that the appeals by Alan Hartman and Mel Kaplan and the cross appeal, are dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [a], [c], [e]); and it further,

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, the motion is granted, the complaint is stricken pursuant to CPLR 3126 insofar as asserted against the appellants-respondents Eastern Long Island Hospital, Evan Geller, Robert Mason and Lloyd Simon and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants-respondents appearing separately and filing separate briefs are awarded one bill of costs.

The plaintiff has failed on various occasions to comply with court-ordered discovery and also with multiple discovery demands. Although the action was commenced in 1990 and the court, in a preliminary conference order dated June 5, 1991, directed that all depositions be completed by February 12, 1992, the plaintiff still has not been deposed.

The plaintiff's failure to proffer a valid excuse for her noncompliance with the orders, as well as her failure to object to the discovery demands, permits an inference that her noncompliance was willful (*see,* CPLR 3126 [3]; *Frias v Fortini,* 240 AD2d 467).

Under these circumstances, the court improvidently exercised its discretion in denying the motion to strike the complaint insofar as it is asserted against the appellants-respondents (*see, Spinello v Abortion Servs.,* 193 AD2d 797). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.