■ NORTHFIELD INSURANCE COMPANY, as Subrogee of DOLLAR RENT A CAR SYSTEMS, INC., Respondent, v MODEL TOWING AND RECOVERY, Appellant, et al., Defendants. (And Third-Party Actions.) [881 NYS2d 135]—

In a subrogation action to recover damages for injury to property, the defendant Model Towing and Recovery appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered August 21, 2008, as denied that branch of its motion which was to strike the complaint pursuant to CPLR 3126 for failure to comply with certain discovery demands.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Model Towing and Recovery which was to strike the complaint pursuant to CPLR 3126 is granted.

A preliminary conference order dated July 28, 2005, set forth deadlines for discovery including, inter alia, a provision that the plaintiff was to provide, within 30 days of the preliminary conference, its complete claims file, all contracts relating to the subject premises, and responses to any of the demands of the defendant Model Towing and Recovery (hereinafter Model Towing) to the extent not already provided. By order entered December 19, 2006, the Supreme Court, inter alia, directed the parties to appear for a status conference on February 14, 2007, at which time it was anticipated that all discovery would be completed.

The court conducted numerous status conferences throughout 2006 and 2007 to expedite discovery. At the conclusion of a conference on December 12, 2007, after the parties failed to complete discovery, the court issued an order directing, inter

alia, that by January 16, 2008, the plaintiff was to produce a certified copy of its claims and underwriting files pertaining to the subject premises, in addition to providing responses to any outstanding discovery requests. In addition, Model Towing was directed to "advise" the plaintiff by letter with respect to the outstanding demands by December 14, 2007. The order also directed that the plaintiff's failure to provide any of the demanded documents would result in preclusion. Model Towing provided a list of 25 outstanding demands to the plaintiff on December 12, 2007, in court. By January 16, 2008, discovery from the plaintiff remained outstanding.

Thereafter, Model Towing moved, inter alia, to strike the plaintiff's complaint pursuant to CPLR 3126 for the plaintiff's failure to comply with discovery demands and discovery orders of the court, including the order dated December 12, 2007. In an order entered August 21, 2008, the court denied the motion, finding that the plaintiff's actions were not willful, contumacious, or calculated to deprive Model Towing of discovery. In the same order, the court set forth a schedule by which the outstanding discovery was to be completed and provided that failure to comply with the schedule would be the basis for a motion for relief pursuant to CPLR 3126.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]; Zletz v Wetanson, 67 NY2d 711 [1986]; Morano v Westchester Paving & Sealing Corp., 7 AD3d 495 [2004]; Novis v Benes, 268 AD2d 464 [2000]). Although striking a pleading is a drastic remedy, it is appropriate where there is a clear showing that the failure to comply with discovery demands was willful or contumacious (see Frias v Fortini, 240 AD2d 467 [1997]; cf. Novis v Benes, 268 AD2d 464 [2000]). It can be inferred that a party's conduct is willful and contumacious when it repeatedly fails to comply with discovery demands and court orders compelling disclosure without providing a reasonable excuse for noncompliance (see Mei Yan Zhang v Santana, 52 AD3d 484, 485 [2008]; Dinstber v GEICO Ins. Co., 32 AD3d 893 [2006]; Kroll v Parkway Plaza Joint Venture, 10 AD3d 633, 634 [2004]; Ordonez v Guerra, 295 AD2d 325 [2002]; Cutolo v Khalife, 242 AD2d 661 [1997]; Frias v Fortini, 240 AD2d 467 [1997]; Kubacka v Town of N. Hempstead, 240 AD2d 374 [1997]). "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d at 123).

The plaintiff did not offer a reasonable excuse for failing to comply with Model Towing's repeated discovery demands or the

orders of the court directing compliance with those demands. Accordingly, it was an improvident exercise of discretion to deny Model Towing's motion to unconditionally strike the complaint (*see Hanlon v Rosenthal*, 7 AD3d 758 [2004]; *Smith v Eastern Long Is. Hosp.*, 263 AD2d 477 [1999]). Dillon, J.P., Florio, Balkin and Austin, JJ., concur.

---

Motion by the appellant on an appeal from an order of the Supreme Court, Queens County, entered August 21, 2008, to take judicial notice of an order of the same court dated December 4, 2008. By decision and order on motion of this Court dated January 2, 2009 [2009 NY Slip Op 93454(U)], the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.