Janice Jones, as Administratrix of the Estate of Leslie Jones, Jr., Deceased, et al., Respondents, v LeFrance Leasing Limited Partnership et al., Defendants, and Alliance Elevator Company, Appellant. [973 NYS2d 798]—

In an action, inter alia, to recover damages for wrongful death,

etc., the defendant Alliance Elevator Company appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Schack, J.), dated March 5, 2012, as granted that branch of the plaintiffs' cross motion which was to strike its answer to the extent of precluding it from claiming that it lacked prior notice of the defective conditions alleged in the verified complaint concerning the subject hoistway elevator door, and (2) from so much of an order of the same court dated August 6, 2012, as denied that branch of its motion which was for leave to renew its opposition to the plaintiffs' prior cross motion and denied its separate application to have a court stenographer transcribe the oral argument of its motion for leave to renew.

Ordered that the order dated March 5, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated August 6, 2012, as denied the application of the defendant Alliance Elevator Company to have a court stenographer transcribe the oral argument of its motion for leave to renew is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order dated August 6, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A court has the discretion to sanction a party which has failed to comply with court-ordered discovery by striking part or all of a pleading (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]; *Maffai v County of Suffolk*, 36 AD3d 765, 766 [2007]). " 'If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity' " (*Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808, 809 [2009], quoting *Kihl v Pfeffer*, 94 NY2d at 123).

"However, the extreme sanction of striking an affirmative defense is inappropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious" (*Maffai v County of Suffolk*, 36 AD3d at 766; *see Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719, 722 [2009]). "The willful and contumacious character of a party's conduct can be inferred from his or her repeated failures to comply with disclosure, coupled with inadequate excuses for those defaults" (*Poulas v U-Haul Intl.*, 288 AD2d 202, 202 [2001]; *see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d at 809).

Here, in a March 2010 order, which was affirmed in relevant part by this Court (*see Jones v LeFrance Leasing L.P.*, 81 AD3d 900, 902-903 [2011]), the defendant Alliance Elevator Company (hereinafter Alliance) was directed to produce all repair and maintenance records for the subject elevator for the two-year period prior to the decedents' accident, records for all LeFrak City elevators involved in accidents similar to the one in this case for the two-year period prior to the decedents' accident, and records for all LeFrak City elevators which had "kick-stop" devices installed from the date of a certain prior accident to February 3, 2007. Notwithstanding that directive and the plaintiffs' repeated discovery demands, Alliance failed to produce its written work tickets. Alliance also provided varying reasons for its failure to produce the written work tickets, successively contending that any records older than six months were irrelevant, that it could not find written work tickets for the subject period, and that in the ordinary course of business it did not keep the written work tickets.

Accordingly, in light of Alliance's failure to produce the subject evidence or to provide a consistent and credible explanation as to why it failed to do so, the record supports the Supreme Court's determination, in effect, that Alliance's failure to produce its records as directed was willful (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d at 809; *Poulas v U-Haul Intl.*, 288 AD2d at 202). Therefore, in determining the plaintiffs' cross motion, inter alia, to strike Alliance's answer, the court providently exercised its discretion in precluding Alliance from claiming that it did not have prior notice of the alleged defective conditions in the subject elevator (*see* CPLR 3126 [3]; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d at 814; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d at 722).

The Supreme Court also properly denied the branch of Alliance's subsequent motion which was for leave to renew its opposition to the plaintiffs' cross motion, as Alliance failed to set forth new facts which would warrant a change in the court's prior determination and a reasonable justification for failing to present such facts on the cross motion (*see* CPLR 2221 [e]; *Commisso v Orshan*, 85 AD3d 845, 845-846 [2011]; *Swedish v Beizer*, 51 AD3d 1008, 1010 [2008]).

Alliance's remaining contentions are without merit or have been rendered academic in light of our determination. Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.