■ SUMMIT WATERPROOFING & RESTORATION CORP., Appellant, v SCARSDALE COUNTRY ESTATES OWNERS, INC., Respondent, et al., Defendants. [643 NYS2d 628]

Contrary to the plaintiff's contention, the court did not improvidently exercise its discretion in marking the case off the calendar for counsel's failure to appear at a scheduled conference, and in conditioning restoration of the case to the calendar on the payment to the respondent's attorney of the sum of $392.50 (*see,* 22 NYCRR 202.27; CPLR 3404). Although the plaintiff did not seek to vacate the default, in view of its submission of an affidavit in opposition to settlement of the order and the posting of an undertaking in the amount awarded, upon payment of that amount to the respondent's counsel, the plaintiff's case shall be restored to the calendar.

It was not improper for the court to condition the denial of the respondent's motion to dismiss the complaint upon the condition that the plaintiff pay the respondent attorney's fees in the amount of $750 in view of the plaintiff's delay in providing discovery and failure to comply with a previously-issued discovery order (*see,* CPLR 3126; *Davis v City of New York,* 205 AD2d 442). There is no basis to disturb the additional award of $100 in motion costs pursuant to CPLR 8202.

In view of the plaintiff's delay of over four years in responding to the respondent's initial request for the discovery and

inspection of documents, during which the plaintiff lost or destroyed documents sought by the respondent, the court properly precluded the plaintiff from offering into evidence any cost records and financial documents not already provided in discovery in support of its claims (*see,* CPLR 3126; *Ashline v Kestner Engrs.,* 219 AD2d 788; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548).

We have reviewed the plaintiff's remaining contentions and find they are without merit. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.