(June 11, 2001)

■ A. WILLIAM BODINE, Doing Business as INVESTMENT ADVISORY GROUP, Appellant, v ALI LADJEVARDI, Defendant, and SHAHRIAR AHY et al., Respondents. [726 NYS2d 129] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 7, 2000, which granted the separate motions of the defendant Shahriar Ahy and the defendants Hamid Ladjevardi, Baltic Fund 1, L.P., Baltic Fund 1, L. L. C., and Baltic Management, L. L. C., pursuant to CPLR 3126 to dismiss the amended verified complaint insofar as asserted against them based on the plaintiff's failure to comply with court-ordered discovery.

Ordered that the order is affirmed, with costs.

The trial court properly dismissed the amended verified complaint insofar as asserted against the respondents. It is within the discretion of the trial court to determine the nature and degree of the penalty to be imposed against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; *see, DeJulio v Wulf,* 260 AD2d 425; *Kubacka v Town of N. Hempstead,* 240 AD2d 374; *Soto v City of Long Beach,* 197 AD2d 615). The plaintiff's willful and contumacious conduct can be inferred from his numerous adjournments of scheduled depositions, failure to produce requested documents, and failure to comply with the trial court's orders directing discovery compliance without an adequate excuse (*see, Castrignano v Flynn,* 255 AD2d 352; *Brady v County of Nassau,* 234 AD2d 408; *Garcia v Kraniotakis,* 232 AD2d 369).

The plaintiff's remaining contentions are either not properly before this Court or without merit. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.