■ GREGG JOSEPH, Doing Business as ALPINE MEADOWS EXCAVATING & TRUCKING, Appellant, v JOSEPH R. IANNACE et al., Respondents. [774 NYS2d 419]—

In an action, inter alia, to recover damages for breach of a joint venture agreement, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated May 21, 2002, which granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3126 for his failure to comply with discovery, and to impose sanctions to the extent of directing him to pay a sanction in the sum of $5,000 and his attorney to pay a sanction in the sum of $5,000.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to impose a sanction on the plaintiff's attorney is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Scopelliti v Town of New Castle,* 92 NY2d 944 [1998]; *O'Connell v Kerson,* 291 AD2d 386 [2002]; *cf. Matter of Tagliaferri v Weiler,* 1 NY3d 605 [2004]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

It is well settled that the nature and degree of the penalty to be imposed pursuant to CPLR 3126 for a party's failure to disclose lies within the sound discretion of the trial court (*see Ordonez v Guerra*, 295 AD2d 325 [2002]; *Lavi v Lavi*, 256 AD2d 602 [1998]; *Kubacka v Town of N. Hempstead*, 240 AD2d 374 [1997]). The plaintiff engaged in a pattern of conduct over a period of time which evidenced an intent to willfully and contumaciously obstruct and delay the progress of disclosure.

The plaintiff's resistance to disclosure commenced at the time of the defendants' first discovery requests and continued for several years. Indeed, the plaintiff's recalcitrance in providing discovery necessitated the defendants moving three times to dismiss the complaint for the plaintiff's refusal to disclose. Since the plaintiff engaged in a pattern of "willful disobedience of a specific notice for discovery" (*Ordonez v Guerra, supra* at 329 [internal quotation marks omitted]; *see American Reliance Ins. Co. v National Gen. Ins. Co.*, 174 AD2d 591 [1991]), dismissal under CPLR 3126 was warranted.

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.