■ PETER ROWELL et al., Appellants, v FREDERICK JOYCE et al., Respondents. [781 NYS2d 682]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 27, 2003, which granted the defendants' oral applications to dismiss the complaint pursuant to CPLR 3126 (3).

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contentions, the Supreme Court providently exercised its discretion in granting the applications to dismiss the action. Although dismissing a complaint pursuant to CPLR 3126 is a drastic remedy, it is warranted where a party's conduct is shown to be willful, contumacious, or in bad faith (*see Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339 [2004], *lv denied* 3 NY3d 602 [2004]; *Frias v Fortini*, 240 AD2d 467 [1997]). In this case, the willful and contumacious character of the plaintiffs' failure to respond to discovery can be inferred from their repeated refusals to comply with the respondents' discovery requests, even after being directed to do so by court order, as well as the absence of any explanation offered to excuse their failures to comply (*see Conch Assoc. v PMCC Mtge. Corp.*, 303 AD2d 538 [2003]). Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.