■ GEORGINA SOWERBY, Plaintiff, and BENJAMIN OKONJI, Appellant, v MITCHELL CAMARDA et al., Respondents. [798 NYS2d 125]—

In an action to recover damages for personal injuries, the plaintiff Benjamin Okonji appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 2, 2004, as granted the motion of the defendants Mitchell Camarda and M&M Service Distributors, Inc., joined by the defendants Reginald Liles and Shikira Grillet, pursuant to CPLR 3126 to impose a sanction to the extent of dismissing the complaint insofar as asserted by him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who has refused to obey court orders, or willfully fails to disclose information which should be disclosed, is a matter within the discretion of the court (see Conch Assoc. v PMCC Mtge. Corp., 303 AD2d 538 [2003]; Jaffe v Hubbard, 299 AD2d 395 [2002]; Nicoletti v Ozram Transp., 286 AD2d 719 [2001]). Although dismissing a complaint pursuant to CPLR 3126 is a drastic remedy, it is warranted when a party's conduct is shown to be willful and contumacious (see Rowell v Joyce, 10 AD3d 601 [2004]; Beneficial Mtge. Corp. v Lawrence, 5 AD3d 339 [2004]; Frias v Fortini, 240 AD2d 467 [1997]). In this case, the willful and contumacious character of the appellant's failure to respond to discovery demands can be inferred from his repeated failures to comply with the court's orders, as well as the absence of any explanation offered to excuse his failures to comply (see Rowell v Joyce, supra; Conch Assoc. v PMCC Mtge. Corp., supra; Montgomery v City of New York, 296 AD2d 386 [2002]; Espinal v City of New York, 264 AD2d 806 [1999]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.