■ CECILIA HORNE, Appellant, v SWIMQUIP, INC., et al., Respondents, et al., Defendant. [830 NYS2d 218]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 16, 2005, which (1) denied her motion, inter alia, to vacate a prior judgment of the same court dated May 19, 2005, which, upon an order of the same court dated February 15, 2005, granting the motion of the defendants Weil-McLain Company, Inc., Wylain, Inc., and Marley-Wylain Company, also known as Marley Company (sued herein also as Swimquip, Inc., Swimquip Manufacturing Corporation, Swimquip Mexico, and Swim EQ Products), pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them based upon her failure to comply with court-ordered disclosure, upon her default in opposing the motion, dismissed the complaint insofar as asserted against those defendants, and (2) granted the separate cross motions of the defendant Sta-Rite Industries, Inc., and the defendants Trataros Construction, Inc., and Basil-Trataros, a joint venture, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion, inter alia, to vacate the judgment, since she failed to proffer a reasonable excuse for her default in opposing the motion of the defendants Weil-McLain Company, Inc., Wylain, Inc., and Marley-Wylain Company, also known as Marley Company (sued herein as Swimquip, Inc., Swimquip Manfacturing Corporation, Swimquip Mexico, and Swim EQ Products) to dismiss the complaint insofar as asserted against them for the plaintiff's failure to comply with court-ordered disclosure (*see* CPLR 5015 [a] [1]; *Rodriguez v Ng,* 23 AD3d 450 [2005]; *Cunningham v Diers,* 14 AD3d 528 [2005]; *Tutt v City of Yonkers,* 11 AD3d 532 [2004]).

Furthermore, the Supreme Court providently exercised its discretion in granting the separate cross motions of the defendant Sta-Rite Industries, Inc., and the defendants Trataros Construction, Inc., and Basil-Trataros, a joint venture, in effect, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them for her failure to timely comply with court-ordered disclosure. Although striking a pleading pursuant to CPLR 3126 is a drastic remedy, it is warranted where a party's conduct is shown to be willful and contumacious (*see Beneficial*

*Mtge. Corp. v Lawrence,* 5 AD3d 339 [2004]). Here, the willful and contumacious character of the plaintiff's failure to timely produce a psychiatrist's report regarding her competency to testify at a deposition could be inferred from her failure to comply with two court orders over an approximately five-year period of time, as well as the inadequate explanation offered to excuse her failure to comply (*see Powell v Cipollaro,* 34 AD3d 551 [2006]; *Sowerby v Camarda,* 20 AD3d 411 [2005]; *Frost Line Refrig., Inc. v Frunzi,* 18 AD3d 701 [2005]).

Motion by the respondents Weil-McLain Company, Inc., Wylain, Inc., and Marley-Wylain Company, also known as Marley Company (sued herein also as Swimquip, Inc., Swimquip Manufacturing Corporation, Swimquip Mexico, and Swim EQ Products), inter alia, to dismiss an appeal from an order of the Supreme Court, Kings County, dated November 16, 2005, on the ground that it is barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated October 2, 2006 that branch of the motion was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition or relation thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground that it is barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]) is denied. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.