■ FELICIA MCARTHUR, Appellant, v NEW YORK CITY HOUS-ING AUTHORITY, Respondent. [851 NYS2d 271]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated November 22, 2006, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126 on the ground that she failed to comply with court-ordered disclosure.

Ordered that the order is affirmed, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Rowell v Joyce*, 10 AD3d 601 [2004]; *My Carpet, Inc. v Bruce Supply Corp.*, 8 AD3d 248 [2004]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful and contumacious (*see Town of Southampton v Salten*, 186 AD2d 796 [1992]). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands and/or to comply with discovery orders (*see Horne v Swimquip, Inc.*, 36 AD3d 859 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Bodine v Ladjevardi*, 284 AD2d 351, 352 [2001]). Contrary to the plaintiff's contentions, the willful and contumacious character of the conduct could be properly inferred by the court from her repeated failures to comply with the court's discovery orders to appear for a deposition and an independent medical examination and to provide certain disclosure, including authorizations to obtain information and medical and employment records, without an adequate excuse (*see Woolard v Suffolk County Water Auth.*, 16 AD3d 582 [2005]; *Rowell v Joyce*, 10 AD3d 601 [2004]; *Alto v Gilman Mgt. Corp.*, 7 AD3d 650, 650-651 [2004]; *Russell v B&B Indus.*, 309 AD2d 914 [2003]; *Gomez v Gateway Demolition Corp.*, 293 AD2d 649 [2002];

*Abouzeid v Cadogan,* 291 AD2d 423 [2002]). Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.