■ JOSE ANTONIO SUAZO-ALVAREZ et al., Respondents, v NORDLAW, LLC, et al., Defendants, and RENEWAL ARTS CONTRACTING AND ENVIRONMENTAL CORP. et al., Appellants. [850 NYS2d 906]—

In an action to recover damages for personal injuries, etc., the defendants Renewal Arts Contracting and Environmental Corp. and Renewal Arts Contracting Corp. appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated December 4, 2006, which granted the plaintiffs' motion pursuant to CPLR 3126 for the imposition of sanctions to the extent of striking their answer unless they provided a response to certain discovery demands within a certain time.

Ordered that the order is affirmed, with costs.

It is well settled that the nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Rowell v Joyce*, 10 AD3d 601 [2004]; *My Carpet, Inc. v Bruce Supply Corp.*, 8 AD3d 248 [2004]; *Joseph v Iannace*, 6 AD3d 502, 503 [2004]; *Ordonez v Guerra*, 295 AD2d 325, 326 [2002]). There is nothing in the record herein that warrants disturbing the court's exercise of its discretion in this case. The court could have properly inferred the willful and contumacious character of the appellants' conduct from their repeated failures to respond to the plaintiffs' discovery demands and/or to comply with the court's discovery orders (*see Horne v Swimquip, Inc.*, 36 AD3d 859, 860-861 [2007]; *Sowerby v*

*Camarda,* 20 AD3d 411 [2005]; *Bodine v Ladjevardi,* 284 AD2d 351, 352 [2001]; *Reed v Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman,* 283 AD2d 630 [2001]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.