■ IRVING BROWN, Appellant, v ASTORIA FEDERAL SAVINGS, Respondent. [858 NYS2d 793]—

In an action, inter alia, to recover damages for breach of contract and defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 28, 2007, which granted the defendant's motion pursuant to 22 NYCRR 202.21 to vacate the note of issue and certificate of readiness and pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's certificate of readiness incorrectly stated that all pretrial discovery had been completed. Because this was a misstatement of a material fact, the filing of the note of issue was a nullity, and that branch of the defendant's motion which was to vacate the note of issue and certificate of readiness was properly granted (*see* 22 NYCRR 202.21 [e]; *Gregory v Ford Motor Credit Co.,* 298 AD2d 496, 497 [2002]; *Drapaniotis v 36-08 33rd St. Corp.,* 288 AD2d 254 [2001]; *Macancela v Pekurar,* 286 AD2d 320, 321 [2001]).

Furthermore, that branch of the defendant's motion which was to dismiss the complaint was properly granted. The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (*see Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]; *McArthur v New York City Hous. Auth.,* 48 AD3d 431 [2008]; *Rowell v Joyce,* 10 AD3d 601 [2004]). Although dismissing a complaint pursuant to CPLR 3126 (3) is a drastic remedy, it is warranted when a party's conduct is shown to be willful and contumacious (*see Suazo-Alvarez v Nordlaw, LLC,* 48 AD3d 670 [2008]; *McArthur v New York City Hous. Auth.,* 48 AD3d 431 [2008]; *Sowerby v Camarda,* 20 AD3d 411 [2005]). The willful and contumacious nature of the conduct of the plaintiff, a pro se litigant, can be inferred from his refusal to submit to an oral deposition and to attend a preliminary conference, and from his failure to respond to certain discovery demands, coupled with inadequate explanations for the failures to comply (*see Horne v Swimquip, Inc.,* 36 AD3d 859, 861 [2007]; *Sowerby v Camarda,* 20 AD3d 411 [2005]; *Devito v J & J Towing, Inc.,* 17 AD3d 624, 625 [2005]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal (*see Edme v Tanenbaum,* 50 AD3d 624 [2008]; *Glass v Estate of Gold,* 48 AD3d 746 [2008]; *Ahr v Karolewski,* 48 AD3d 719 [2008]) or without merit. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.