■ DAVID WORKMAN, Appellant, v TOWN OF SOUTHAMPTON et al., Defendants, and GASLIGHT ENTERTAINMENT LTD. et al., Respondents. [892 NYS2d 481]—

"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (*McArthur v New York City Hous. Auth.*, 48 AD3d 431, 431 [2008]; *see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808 [2009]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808 [2009]; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 22 AD3d 643 [2005]; *Diel v Rosenfeld*, 12 AD3d 558, 559 [2004]). The willful and contumacious conduct can be inferred by a party's repeated failure to respond to demands or to comply with discovery orders, absent a reasonable excuse (*see Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808 [2009]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]; *Horne v Swimquip, Inc.*, 36 AD3d 859 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Rowell v Joyce*, 10 AD3d 601 [2004]; *Bodine v Ladjevardi*, 284 AD2d 351, 352 [2001]). In this case, the willful and contumacious character of the plaintiff's conduct can be inferred from his repeated failure to comply with court orders directing him to provide properly-executed authorizations without a reasonable excuse. Although he allegedly orally objected to having to provide the authorizations, he did not make a motion, despite the court's direction that he do so. Under these circumstances, the Supreme Court providently exercised its discretion in granting the motions to dismiss the complaint (*see Horne v Swimquip, Inc.*, 36 AD3d 859 [2007]; *cf. Redmond v Jamaica Hosp. Med. Ctr.*, 62 AD3d 854 [2009]; *Canaan v Costco Wholesale Membership, Inc.*, 49 AD3d 583 [2008]).

In light of our determination, the plaintiff's remaining contentions are academic. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.