■ Bibi Umar, Appellant, v June Ohrnberger, Respondent, et al., Defendant. [900 NYS2d 349]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated July 15, 2009, which granted the motion of the defendant June Ohrnberger pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against her for failure to comply with court-ordered disclosure.

Ordered that the order is affirmed, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court

(see *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Joseph v Iannace*, 6 AD3d 502, 503 [2004]; *Ordonez v Guerra*, 295 AD2d 325, 326 [2002]). The drastic remedy of dismissing a complaint for a plaintiff's failure to comply with court-ordered discovery is warranted where the failure to comply with discovery demands is willful and contumacious (see *Rowell v Joyce*, 10 AD3d 601 [2004]; *My Carpet, Inc. v Bruce Supply Corp.*, 8 AD3d 248 [2004]). Here, the willful and contumacious character of the plaintiff's conduct can be inferred from her repeated failure to respond to demands and/or to comply with discovery orders or to offer a reasonable excuse for her lack of compliance (see *Horne v Swimquip, Inc.*, 36 AD3d 859, 861 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Bodine v Ladjevardi*, 284 AD2d 351, 352 [2001]; *Reed v Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman*, 283 AD2d 630 [2001]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the motion of the defendant June Ohrnberger. Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.