■ VICTOR BATSHEVER et al., Appellants, v JAFAR JAFAR et al., Respondents. [900 NYS2d 887]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered March 18, 2009, which, upon an order of the same court dated November 17, 2008, denying their motion, in effect, to vacate certain discovery orders and granting the defendants' cross motion to dismiss the complaint pursuant to CPLR 3126, is in favor of the defendants and against them dismissing the complaint, and (2) an order of the same court dated March 23, 2009, which denied their motion, in effect, for leave to renew and reargue their motion, in effect, to vacate the certain discovery orders and their opposition to the defendants' cross motion to dismiss the complaint pursuant to CPLR 3126. The notice of appeal from the order dated November 17, 2008, is deemed a notice of appeal from the judgment entered March 18, 2009 (see CPLR 5512 [a]).

Ordered that the appeal from so much of the order dated March 23, 2009, as denied that branch of the plaintiffs' motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated March 23, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court providently exercised its discretion in granting the defendants' cross motion to dismiss the complaint pursuant to CPLR 3126 because the plaintiffs' willful and contumacious conduct can be inferred from their repeated failures to provide outstanding authorizations both in response

to the defendants' demands and in compliance with the Supreme Court's orders, and to comply with the Supreme Court's directive to provide a further bill of particulars (*see Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654 [2010]; *Workman v Town of Southampton*, 69 AD3d 619 [2010]; *Nicolia Ready Mix, Inc. v Fernandes*, 37 AD3d 568 [2007]; *Royal Caterers, LLC v Marine Midland*, 8 AD3d 549 [2004]). The Supreme Court also providently exercised its discretion in denying the plaintiffs' motion, in effect, to vacate the discovery orders, as the plaintiffs presented no grounds for vacatur.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was, in effect, for leave to renew, as the plaintiffs failed to make the proper showing for renewal (*see* CPLR 2221 [e] [2], [3]). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.