■ NEIL MORGENSTERN, Appellant, v JEFFSAM CORP. et al., Respondents. [912 NYS2d 231]—

In an action to recover damages for fraud, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated June 4, 2009, which, upon an order of the same court entered January 29, 2009, granting the defendants' motion pursuant to CPLR 3126 to dismiss the complaint, and awarding the defendants a sanction, costs, and disbursements, is in favor of the defendants and against him dismissing the complaint and directing him to pay to the defendants a sanction, costs, and disbursements in the total sum of $2,255.

Ordered that the judgment is affirmed, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Umar v Ohrnberger*, 72 AD3d 1066 [2010]; *Bernal v Singh*, 72 AD3d 716 [2010]). The dismissal of a complaint for a plaintiff's repeated failure to comply with court-ordered discovery is warranted upon a clear showing that the failure to comply was willful and contumacious (*see Workman v Town of Southampton*, 69 AD3d 619 [2010]; *Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808 [2009]; *Rowell v Joyce*, 10 AD3d 601 [2004]; *My Carpet, Inc. v Bruce Supply Corp.*, 8 AD3d 248 [2004]).

Here, the plaintiff's willful and contumacious conduct can be inferred from his repeated failure, over a period of more than 1½ years, to adequately respond to the defendants' discovery demands and to comply with stipulations to satisfy those requests, even after being directed to do so by court order, as well as by the absence of any reasonable excuse for his noncompliance (*see Kihl v Pfeffer*, 94 NY2d at 122-123; *Batshever v Jafar*, 73 AD3d 1108 [2010]; *Horne v Swimquip, Inc.*, 36 AD3d 859 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Bodine v Ladjevardi*, 284 AD2d 351 [2001]; *Reed v Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman*, 283 AD2d 630 [2001]). Therefore, the Supreme Court did not improvidently exercise its discretion in dismissing the complaint.

Additionally, since the defendants endured delays and were required to seek judicial intervention on three separate occasions due to the plaintiff's willful and contumacious noncompliance with discovery, the Supreme Court did not improvidently exercise its discretion in directing the plaintiff to pay to the defendants a sanction, costs, and disbursements (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727 [2007]; *Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637 [2003]; *Summit Waterproofing & Restoration Corp. v Scarsdale Country Estates Owners*, 228 AD2d 431 [1996]; *Keingarsky v Keingarsky*, 145 AD2d 537 [1988]). Significantly, the plaintiff was warned in a prior order that in the event his continued noncompliance necessitated further judicial intervention, he would be assessed such fees and costs.

Accordingly, the defendants' motion was properly granted. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.