■ Caroline Commisso, Appellant, v Steven G. Orshan et al., Respondents. [925 NYS2d 612]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 30, 2009, which granted the separate motions of the defendants Steven G. Orshan and Nassau Queens Pulmonary Associates, P.C., the defendants Robert D. Herman, Michael J. Goldstein, Stephen R. Siegel, Robert D. Herman, and Ira S. Goldman, M.D., P.C., and the defendants David A. Faitell, Pro Health Care Associates, LLP, and Prohealth—Division of Diagnostic Imaging & Radiology, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them for failure to comply with discovery orders, and (2) and an order of the same court dated September 15, 2010, which denied her motion for leave to renew her opposition to the motions.

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the trial court (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Umar v Ohrnberger*, 72 AD3d 1066, 1066-1067 [2010]; *Joseph v Iannace*, 6 AD3d 502, 503 [2004]). The drastic remedy of striking a pleading is warranted where the party's failure to comply with court-ordered discovery is willful and contumacious (*see Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (*see Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]; *Horne v Swimquip, Inc.*, 36 AD3d 859, 859 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]). Here, the plaintiff's willful and contumacious conduct can be inferred from her repeated failure, over an extended period of time, to appear for a deposition, provide outstanding authorizations, and serve supplemental bills of particulars in compliance with the Supreme Court's orders and a so-ordered stipulation without a reasonable excuse. Therefore, the Supreme Court providently exercised its discretion in granting the defendants' separate motions to dismiss the complaint insofar as asserted against each of them.

The Supreme Court also properly denied the plaintiff's mo-

tion for leave to renew her opposition to the defendants' motions. In her motion for leave to renew, the plaintiff failed to set forth new facts "that would change the prior determination" as well as a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *Emanuel v Broadway Mall Props.*, 293 AD2d 708, 709 [2002]). Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.