■ GANGAMA MANGRU, Appellant, v SCHERING CORP. et al., Defendants, and BAYER HEALTHCARE PHARMACEUTICALS, INC., et al., Respondents. [933 NYS2d 897]—

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the motion court (see *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Novick v DeRosa*, 51 AD3d 885 [2008]). The drastic remedy of striking a pleading is warranted where a party's failure to comply with court-ordered disclosure is willful and contumacious (see *Batshever v Jafar*, 73 AD3d 1108 [2010]; *Matter of W.O.R.C. Realty Corp. v Assessor*, 32 AD3d 860, 861 [2006]). The willful and contumacious character of a party's conduct can be inferred from a party's repeated failure to comply with discovery demands or orders without a reasonable excuse (see *Commisso v Orshan*, 85 AD3d 845 [2011]; *Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]).

Here, the plaintiff's willful and contumacious conduct can be inferred from her repeated failure, over an extended period of time, to appear for a deposition, to provide outstanding authorizations, and to adequately respond to the defendants' discovery demands in compliance with the Supreme Court's orders without a reasonable excuse. Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the motion of the defendants Bayer Healthcare Pharmaceuticals, Inc., and Berlex Laboratories, Inc., and the separate motion of the defendants Carmen A. Galvez and Esperanza Angeles, which were pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.