■ LAURETTA DOCTEUR, as Administratrix of the Estate of MARLENE DOCTEUR, Deceased, Appellant, v INTERFAITH MEDICAL CENTER, Respondent. [935 NYS2d 114]—

Contrary to the defendant's contention, dismissal of the complaint based on the plaintiff's inordinate and prejudicial delay in prosecuting the action was unavailable in this case. CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Since CPLR 3216 is a legislative creation and not part of a court's inherent power, the failure to serve a written notice that conforms to the provisions of CPLR 3216 is the failure of a condition precedent to dismissal of the action for failure to prosecute (*see Chase v Scavuzzo*, 87 NY2d 228, 232 [1995]; *Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 246 [1969]; *Wasif v Khan*, 82 AD3d 1084, 1084-1085 [2011]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]; *Dominique v Flushing Hosp. Med. Ctr.*, 22 AD3d 789 [2005]). Inasmuch as the defendant did not serve a 90-day demand on the plaintiff in this matter, the defendant's motion to dismiss the complaint for failure to prosecute should have been denied.

Furthermore, the Supreme Court erred in dismissing the complaint pursuant to CPLR 3126, since there has been no clear showing of a willful and contumacious pattern of noncompliance with disclosure requests or court-ordered discovery on the part of the plaintiff (*see e.g. Polsky v Tuckman*, 85 AD3d 750 [2011]; *Comprehensive Care of N.Y., P.C. v Manuel A. Romero, P.C.*, 56 AD3d 510 [2008]; *cf. Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Umar v Ohrnberger*, 72 AD3d 1066 [2010]; *Suazo-Alvarez v Nordlaw, LLC*, 48 AD3d 670 [2008]). Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.