■ BLANCA ESTABA, Respondent, v JOEL L. QUOW et al., Defendants, and KEV-RA LIMO, INC., et al., Appellants. [956 NYS2d 143]—

The nature and degree of the penalty to be imposed pursuant

to CPLR 3126 is a matter within the discretion of the trial court (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Commisso v Orshan*, 85 AD3d 845 [2011]; *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686 [2011]). The drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with discovery demands was willful and contumacious (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012]; *Commisso v Orshan*, 85 AD3d at 845; *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d at 924; *Commisso v Orshan*, 85 AD3d at 845; *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686-687). Here, the appellants' failure, over a period of one year and nine months, to comply with five court orders directing them to appear for a deposition, coupled with a lack of a reasonable excuse for that failure, supports an inference that their conduct was willful and contumacious (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d at 924; *Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686-687; *Commisso v Orshan*, 85 AD3d at 845; *Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]; *Giano v Ioannou*, 78 AD3d 768, 771 [2010]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to strike the appellants' answer. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.