The nature and degree of the penalty to be imposed pursuant *941 to CPLR 3126 is a matter within the discretion of the trial court (see Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Commisso v Orshan, 85 AD3d 845 [2011]; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686 [2011]). The drastic remedy of striking an answer is inappropriate absent a clear showing that the defendant’s failure to comply with discovery demands was willful and contumacious (see Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923 [2012]; Commisso v Orshan, 85 AD3d at 845; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d at 686). Willful and contumacious conduct may be inferred from a party’s repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time (see Orgel v Stewart Tit. Ins. Co., 91 AD3d at 924; Commisso v Orshan, 85 AD 3d at 845; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d at 686-687). Here, the appellants’ failure, over a period of one year and nine months, to comply with five court orders directing them to appear for a deposition, coupled with a lack of a reasonable excuse for that failure, supports an inference that their conduct was willful and contumacious (see Orgel v Stewart Tit. Ins. Co., 91 AD3d at 924; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d at 686-687; Commisso v Orshan, 85 AD3d at 845; Morgenstern v Jeffsam Corp., 78 AD3d 913, 914 [2010]; Giano v Ioannou, 78 AD3d 768, 771 [2010]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs motion to strike the appellants’ answer. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.