■ FRANCES GATEHOUSE, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, et al., Defendant. [970 NYS2d 278]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated September 30, 2011, as granted the separate cross motions of the defendant New York City Housing Authority and the defendant City of New York to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate cross motions of the defendant New York City Housing Authority and the defendant City of New York to dismiss the complaint insofar as asserted against each of them are denied.

On or about June 28, 2010, after the plaintiff's attorney failed to appear at a preliminary conference, the plaintiff's case was either marked off the Supreme Court's preliminary conference calendar or marked disposed. However, the record does not contain any written order that purports to dismiss the action as of that date.

In the order appealed from, the Supreme Court granted the plaintiff's motion to restore the action to the preliminary conference calendar to the extent of "restor[ing] [it] to active status [and] transfer[ring] [it] to a non-city part." In the same order, however, the Court also granted the separate cross motions of the defendants New York City Housing Authority and City of New York (hereinafter together the City defendants) to dismiss the complaint insofar as asserted against each of them "pursuant to the equitable doctrine of laches."

CPLR 3216 (b) states, in relevant part: "No dismissal [based on a plaintiff's unreasonable neglect to proceed] shall be directed . . . unless . . . [t]he court or the party seeking such relief . . . shall have served a [so-called 90-day notice]." Thus the courts have no authority to dismiss an action for failure to prosecute, " 'whether on the ground of general delay, or for failure to serve and file a note of issue, unless there has first been served a [90 day notice]' " (*Chase v Scavuzzo*, 87 NY2d 228, 232 [1995], quoting Governor's Mem approving L 1967, ch 770, 1967 NY Legis Ann at 295; *see Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 248 [1969]). Accordingly, since it is undisputed that a 90-day notice was never served by any of the defendants herein, the Supreme Court erred in granting the city defendants' cross motions to dismiss this pre-note-of-issue case on the basis of laches (*see Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]).

Furthermore, we reject the city defendants' contention that the order appealed from should be affirmed on the alternate

theory that the complaint should have been stricken as a sanction for the plaintiff's alleged failure to provide disclosure (*see* CPLR 3126 [3]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814 [2011]; *cf. Wolfson v Nassau County Med. Ctr.*, 141 AD2d 815 [1988]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.