■ ELIZABETH FIELD, Plaintiff, v PHILIP Q. BAO et al., Appellants. [35 NYS3d 150]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Philip Q. Bao, Kevin T. Watkins, and Rahuldev S. Bhalla appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 12, 2015, as denied

their unopposed motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them for the plaintiff's failure to comply with court-ordered discovery, and the defendants Kevin J. Schiller and North Suffolk Family Medical Care, PLLC, separately appeal, as limited by their brief, from so much of the same order as denied their unopposed motion for the same relief as to them.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendants' separate motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them are granted.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (see *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Umar v Ohrnberger*, 72 AD3d 1066 [2010]; *Joseph v Iannace*, 6 AD3d 502, 503 [2004]; *Ordonez v Guerra*, 295 AD2d 325, 326 [2002]). The drastic remedy of dismissing a complaint for a plaintiff's failure to comply with court-ordered discovery is warranted where a party's conduct is shown to be willful and contumacious (see *Rowell v Joyce*, 10 AD3d 601 [2004]; *My Carpet, Inc. v Bruce Supply Corp.*, 8 AD3d 248 [2004]). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (see *Commisso v Orshan*, 85 AD3d 845 [2011]; *Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]; *Horne v Swimquip, Inc.*, 36 AD3d 859, 859 [2007]).

Here, the plaintiff's willful and contumacious conduct can be inferred from her repeated failure, over a period of more than two years, to respond to any of the defendants' discovery demands, even after being directed to do so by court order, as well as her failure to respond to the defendants' separate motions to dismiss the complaint and, consequently, the absence of any reasonable excuse for her noncompliance (see *Morgenstern v Jeffsam Corp.*, 78 AD3d 913, 914 [2010]; *Batshever v Jafar*, 73 AD3d 1108 [2010]; *Horne v Swimquip, Inc.*, 36 AD3d 859 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Bodine v Ladjevardi*, 284 AD2d 351 [2001]; *Birch Hill Farm v Reed*, 272 AD2d 282, 283 [2000]).

Accordingly, the Supreme Court should have granted the defendants' separate motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.