■ GEORGETTE SCHILLER, Individually and as Executrix of BERNICE A. SCHILLER, Deceased, Respondent, v SUNHARBOR ACQUISITION I, LLC, Doing Business as SUNHARBOR MANOR, et al., Appellants, et al., Defendants. (And Other Titles.) [60 NYS3d 79]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Sunharbor Acquisition I, LLC, doing business as Sunharbor Manor, OG Operator, LLC, as successor to Sunharbor Manor, and Sunharbor Manor, LLC, doing business as Sunharbor Manor, appeal, as limited by their brief, from so much of an order of the

Supreme Court, Nassau County (Bruno, J.), dated June 17, 2015, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2011, Georgette Schiller, as executrix of the estate of Bernice A. Schiller, deceased, and individually, commenced this action against, among others, Sunharbor Acquisition I, LLC, doing business as Sunharbor Manor, OG Operator, LLC, as successor to Sunharbor Manor, and Sunharbor Manor, LLC, doing business as Sunharbor Manor (hereinafter collectively the defendants). The plaintiff alleged that the decedent received care and treatment at the defendants' nursing home, and that the defendants' negligence caused an infection in the decedent's left leg, which ultimately required amputation of her leg above the knee and resulted in her death. Almost four years after she commenced the action, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer on the ground that the defendants were willful and contumacious in their failure to respond to the plaintiff's repeated demands for the decedent's entire medical record and the Supreme Court's orders related to the same. The court granted that branch of the plaintiff's motion which was to strike the defendants' answer, and the defendants appeal.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (see *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery is willful and contumacious (see *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680 [2015]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210). The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse (see *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d at 680; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210).

Here, the defendants' repeated failures, over a period of years, to respond to the plaintiff's discovery demands, even after being directed to do so by multiple court orders, without adequate excuses, constitutes willful and contumacious conduct (see *Field v Bao*, 140 AD3d 921, 922 [2016]; *Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d at

680; *Flynn v City of New York*, 101 AD3d 803, 805 [2012]). Moreover, in an April 2013 response by the defendants to the plaintiff's demand for supplemental discovery, the defendants represented they were "not in possession of any electronically stored medical records," yet the affidavit submitted by the defendants in opposition to the motion to strike contended that the repeated failure to provide the complete medical record to the plaintiff arose from a malfunction with the computer system on which such medical records were stored. The defendants failed to provide an explanation for their initial false statement in the discovery response to the plaintiff.

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendants' answer. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.