Rezk v New York Presbyt. Hospital/N.Y. Weill Cornell Ctr. (2019 NY Slip Op 06426)





Rezk v New York Presbyt. Hospital/N.Y. Weill Cornell Ctr.


2019 NY Slip Op 06426


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-08053
 (Index No. 12614/14)

[*1]Roumaryi Rezk, appellant, 
v
New York Presbyterian Hospital/New York Weill Cornell Center, respondent.


Sacco & Fillas, LLP, Astoria, NY (Simon B. Landsberg of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated March 13, 2018. The order granted the defendant's motion pursuant to CPLR 3216 and, in effect, pursuant to CPLR 3126, to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 3216 and, in effect, pursuant to CPLR 3126, to dismiss the complaint is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
The plaintiff commenced this medical malpractice action in August 2014, and issue was joined in October 2014. In December 2017, the defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The defendant also argued that the complaint should be dismissed pursuant to CPLR 3126. The defendant alleged that dismissal was warranted because the plaintiff had failed to narrow his demands to depose witnesses affiliated with the defendant in support of his case, despite stipulations and court orders directing him to do so. The Supreme Court granted the defendant's motion, citing both CPLR 3126 and 3216, based on the plaintiff's failure to narrow his demands to depose witnesses affiliated with the defendant. The plaintiff appeals.
With regard to CPLR 3216, "the courts have no authority to dismiss an action for failure to prosecute, whether on the ground of general delay, or for failure to serve and file a note of issue, unless there has first been served a [90 day notice]" (Gatehouse v New York City Hous. Auth., 109 AD3d 457, 458 [internal quotation marks omitted]). Here, it is undisputed that neither the Supreme Court nor the defendant served the requisite 90-day notice upon the plaintiff. Accordingly, the court was not authorized to dismiss the complaint pursuant to CPLR 3216 (see Gatehouse v New York City Hous. Auth., 109 AD3d at 458; Docteur v Interfaith Med. Ctr., 90 AD3d 814, 815).
Further, dismissal of the complaint pursuant to CPLR 3126(3) was unwarranted as a sanction for the plaintiff's failure to limit his disclosure demands. The remedy of dismissal is "only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, [*2]862 [internal quotation marks omitted]; see Williams v Suttle, 168 AD3d 792, 793). The sanction of dismissal is available for the willful and contumacious failure to disclose (see Kihl v Pfeffer, 94 NY2d 118, 120-123; Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d at 862; Wolf v Flowers, 122 AD3d 728, 729; Schwartz v Suebsanguan, 15 AD3d 565, 566), which did not occur here. The plaintiff submitted to a deposition by the defendants. However, the lengthy pendency of this action, the dispute over the plaintiff's overbroad demands for disclosure, and his refusal to tailor those demands in accordance with prior orders of the court, compels the conclusion that further disclosure has been forfeited.
Accordingly, the order appealed from should be reversed, the defendant's motion denied, and the matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court