Chen Dongwu v New York City Regional Ctr. LLC (2026 NY Slip Op 50116(U))

[*1]

Chen Dongwu v New York City Regional Ctr. LLC

2026 NY Slip Op 50116(U)

Decided on February 3, 2026

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 3, 2026
Supreme Court, New York County

Chen Dongwu, CHEN WEN, CHEN ZIWEI, CHENG GUANWEN, CHENG JIE, CHENG LING, DU ERQIN, FENG BING, GU BEIBEI, GUAN ZHIJUN, HAN LIDA, HE CHUNHUA, HOU JIN, HU JIANJUN, HU XINGNING, HU ZHENGFU, HU ZHONGYONG, HUANG GUI MING, HUANG YING, JI TONG, JIAN ZAIHONG, JIANG YUANSHEN, KUANG SUPING, LEI MINGCHUN, LI CHAO YANG, LI FEIFEI, LI JINLIANG, LI NING, LI WANSHAN, LI WEI, LI WEI, LI XIAOLIN, LI YINGJU, LI ZHI HUI, LIN SENG, LING HAO, LING YAHUA, LIU QING ZHU, LIU WEI WEI, LIU XIAO JUN, LIU YING, LU KUI, LU RUI, LU YUANQING, MA BING, MA JIFEI, MIAO SHU, NI QIAO, QI XIAOMEI, QU XIAOYAN, PAN CHENG, PAN YUE XIA, REN JINGYAN, REN TAO, RUAN WEIWEN, SHEN CHAOJUN, SHENG DONG LIN, SHI BING, SUN LIANGGUI, SUN PING, TAN DAMING, TANG MINGSHAN, TANG WENWEN, TAO LANLAN, TIAN XIAOYUN, WANG GUOLIANG, WANG YUN, WANG ZHOU JI, WEI FANG, WEI ZHEN, WU LING, XIA YUN, XIE SHISHI, XU YONGLIANG, XU ZEYUAN, YAN TAO, YAN XIAO XIN, YANG JIAN HUA, YANG YANG JI, YANG YUE, YOU JUN, ZHAN BIHUA, ZHANG JUAN, ZHANG JUNYI, ZHANG PU, ZHANG YAN, ZHANG YIHONG, ZHANG ZHIMIN, ZHAO CHUNYING, ZHOU BAI, ZHOU LIANCHUN, ZHOU YAN, ZHU JIANAN, ZHU WEITE, ZHUANG ZHENGWEI, ZOU LIANG, CAO BING, CHEN JIFENG, CHEN XIAO, CHEN WEIWEI, FANG TAIQING, GAO YANPING, GUO WEI, HUANG LEI, JIN XI, LIANG YUHUI, LIU HAO, MA QIAN, SONG ZHONGMING, WAN WEI, XU XIAOLONG, XU YAN, YANG LUZI, YE LIANG, ZHANG LIHUA, ZHOU QUANGEN, Plaintiff,

againstNew York City Regional Center LLC, GEORGE L. OLSEN, PAUL LEVINSOHN, THE NEW YORK CITY EAST RIVER WATERFRONT DEVELOPMENT FUND, LLC, Defendant.

Index No. 652024/2017

Attorneys for Plaintiffs:Howard S. Wolfson of TARTER KRINSKY & DROGINFred H. Perkins of MORRISON COHEN, LLPMark S. Jarashow of MORRISON COHEN, LLPAttorneys for the Defendants:David J. Lender of WEIL GOTSHAL & MANGES LLPGregory Silbert of WEIL GOTSHAL & MANGES LLPJessica L. Falk of WEIL GOTSHAL & MANGES LLPA.J. Green of WEIL GOTSHAL & MANGES LLPSarah Schnorrenberg of WEIL GOTSHAL & MANGES LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 012) 978, 979, 980, 995, 996, 997, 998, 999, 1000, 1001, 1002, 1003, 1004, 1005, 1006, 1007, 1008, 1009, 1523 were read on this motion to/for DISMISS.
Plaintiffs are 90 Chinese nationals that participated in the United States EB-5 Immigrant Investor Program. Defendant New York City Regional Center LLC created defendant The New York City East River Waterfront Development Fund, LLC, which was responsible for raising capital (finding investors) for the EB-5 investment program. The Fund was managed by defendants George Olsen and Paul Levinson. The complaint filed in this action alleges that defendants schemed and conspired to fraudulently induce the 90 identified plaintiffs to each invest $500,000 in the program. 
In motion sequence 012, defendants move to dismiss the claims filed in the name of plaintiffs Sun Lianggui, Liang Yuhui, and Hu Zhongyong ("non-compliant plaintiffs"), pursuant to CPLR 3126, or, in the alternative, to preclude the non-compliant plaintiffs from introducing or relying upon evidence sought to be determined through defendants' contention interrogatories dated March 13, 2023.LEGAL STANDARDCPLR 3126 provides that, "[i]f any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article," the court may issue an order prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, dismissing the action, or rendering a judgment by default against the disobedient party. "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (Brown v. Astoria Federal Savings, 51 AD3d 961, 962 [2d Dept 2008]).
"Before a court invokes the drastic remedy of precluding evidence, there must be a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious" (Brinson v. Pod, 129 AD3d 1005, 1009 [2d Dept 2015]). Willful and contumacious conduct can be inferred by a party's "failure to offer a reasonable excuse for his noncompliance" (Figiel v. Met Food, 48 AD3d 330 [1st Dept 2008]).

DISCUSSION
Here, defendants assert that contention interrogatories were served on plaintiffs on March [*2]13, 2023, and that plaintiffs initially refused to respond to the contention interrogatories. On April 10, 2023, plaintiffs moved by letter brief pursuant to Commercial Division Rule 24 for leave to file a motion to strike and/or for a protective order. Plaintiffs objected to defendants' contention interrogatories as untimely, and objected to demands seeking information that is purportedly duplicative of deposition testimony. The court denied plaintiffs' request in a case management order issued April 20, 2023, and directed plaintiffs to respond to the contention interrogatories on or before June 19, 2023 (NYSCEF doc. no. 426).
In advance of the then-next scheduled status conference, the parties entered into a stipulation, so-ordered by the court, to extend the expert disclosure and note of issue deadlines (NYSCEF doc. no. 430). All other deadlines remained as previously scheduled or stipulated, including plaintiffs' obligation to produce responses to defendants' contention interrogatories. On this motion, defendants allege that they inquired shortly after the court-ordered deadline as to whether the non-compliant plaintiffs would produce their responses. Plaintiffs' then-counsel Morrison Cohen represented that they had shared all the responses that they had received from their clients. Shortly thereafter, Morrison Cohen filed an order to show cause to withdraw as counsel for the non-compliant plaintiffs, which was granted on February 20, 2024 (NYSCEF doc. no. 1519). Outgoing counsel submitted proof of service of the notice of entry of the court's order, along with a notice directing the affected plaintiffs to appear by counsel (NYSCEF doc. no. 1522).
Upon review of the record, it appears to the court that the non-compliant plaintiffs have received due notice of their obligation to appear in this action, and have failed, without reasonable excuse, to file a notice of appearance or to otherwise notify the court of their intention to represent themselves. The remaining plaintiffs filed a note of issue on August 23, 2023. Defendants assert that, as of the date of their motion, the non-compliant plaintiffs have yet to submit responses to the outstanding contention interrogatories.
Defendants request that this court infer and find that those non-compliant plaintiffs have willfully failed to serve responses. "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (Gutman v Cabrera, 121 AD3d 1042, 1043 [2nd Dept 2014] [internal quotations and citations omitted]). Despite the failure to obey the court's April 20, 2023 order, there is no evidence or clear showing by defendants that the non-compliant plaintiffs' conduct was repeated, willful, or contumacious within the meaning of CPLR 3126.
Nevertheless, in consideration of the non-compliant plaintiffs' failure to oppose the instant motion, or to otherwise appear, and in view of the fact that the remaining plaintiffs have filed a note of issue and are ready to engage in post-discovery proceedings, defendants' motion to dismiss the non-compliant plaintiffs from this action is granted on alternate grounds.
Accordingly, it is hereby
ORDERED that, pursuant to Uniform Rule 202.27, plaintiffs Sun Lianggui, Liang Yuhui, and Hu Zhongyong are in default; and it is further
ORDERED that the allegations of the complaint asserted on behalf of plaintiffs Sun Lianggui, Liang Yuhui, and Hu Zhongyong are severed and dismissed; and it is further
ORDERED that the allegations of the complaint asserted on behalf of the remaining plaintiffs are continued; and it is further
ORDERED that, on or before February 10, 2026, defendants shall serve a copy of this [*3]order with notice of entry upon the last known address of plaintiffs Sun Lianggui, Liang Yuhui, and Hu Zhongyong.
DATE February 3, 2026ROBERT R. REED, J.S.C.